The **STATE BAR** of Texas, Appellant,

v.

**David Lee McGEE, Appellee.**

No. 13–93–678–CV.

Court of Appeals of Texas,
Corpus Christi.

March 9, 1995.

Rehearing Overruled April 13, 1995.

Linda Acevedo, Asst. Gen. Counsel, Austin, James M. McCormack, Gen. Counsel, Austin, Sharon E. Conway, Asst. Gen. Counsel, Houston, for appellant.

Scott T. Cook, William A. Dudley, Cook, Dudley & Associates, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and COLLEY[1], JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

The State Bar of Texas appeals from a temporary injunction entered by the 93rd District Court of Hidalgo County. The 93rd District Court enjoined the State Bar from pursuing a disciplinary action filed against David Lee McGee in the 319th District Court of Nueces County. By one point of error, the State Bar[2] complains that the 93rd District Court abused its discretion by entering the temporary injunction against it because the court had no jurisdiction to enter the injunction, no evidence was presented at the hearing, and the order fails to comply with the mandatory requirements of TEX.R.CIV.P. 683. We order the temporary injunction vacated.

On November 5, 1992, attorney David Lee McGee filed suit against the State Bar in the 93rd District Court of Hidalgo County. McGee asked the court for a declaratory judgment 1) declaring that he has a guaranteed right to communicate information to the public regarding his legal services, 2) approving specific advertisements used by McGee, and 3) finding that Rule 7.01 of the Texas Disciplinary Rules of Professional Conduct is unconstitutional. The suit was in response to the District No. 11–A Grievance Committee's investigation of McGee's advertisements in television and billboards.

The State Bar answered by general denial with special exceptions. The State Bar also moved to transfer venue to Travis County and to abate the case until the Supreme Court of Texas was joined as a necessary party. McGee filed a first amended petition on January 5, 1993 and a second amended petition on March 9, 1993. The 93rd District Court denied the State Bar's motion to transfer venue on June 25, 1993.

On July 2, 1993, the Commission for Lawyer Discipline initiated a disciplinary action against McGee by filing a suit for professional misconduct in the 319th District Court of Nueces County. The case is numbered 93–3841–G and styled *Commission for Lawyer Discipline v. David Lee McGee*. The Commission sought to discipline McGee for violations of TEX.DISCIPLINARY R.PROF.CONDUCT 7.01.

On September 14, 1993, McGee filed an application in the 93rd District Court requesting a temporary injunction against the State Bar, its agents and committees, including the Commission for Lawyer Discipline. McGee claimed that the State Bar's disciplinary action against him in Nueces County usurped the jurisdiction of the 93rd District Court over the subject matter in controversy. The 93rd District Court heard McGee's application on September 28, 1993 and, on November 9, 1993, signed an order enjoining the State Bar of Texas, its committees, including the Commission for Lawyer Disci-

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

2. Including the District No. 11–A Grievance Committee of the State Bar and the Commission for Lawyer Discipline.

pline, the Office of the General Counsel of the State Bar, and the Chief Disciplinary Counsel, from proceeding with the disciplinary action against McGee in Nueces County. The 93rd District Court also set the case for trial on the merits.

On appeal, McGee asserts the "dominant jurisdiction" principle. McGee contends that he filed the declaratory action in the 93rd District Court before the State Bar filed the disciplinary action in the 319th District Court. McGee argues that the 93rd District Court has dominant jurisdiction over the subject to the exclusion of all other courts.

The State Bar contends that the District No. 11–A Grievance Committee acquired jurisdiction over the claims involving McGee's advertisements before McGee filed his declaratory judgment action in the 93rd District Court. The State Bar asserts that McGee's lawsuit is a direct result of the investigations commenced by the District No. 11–A Grievance Committee into McGee's alleged professional misconduct. The State Bar argues that, since the suit against McGee for professional misconduct in the 319th District Court is a continuation of the action first commenced against McGee in the District No. 11–A Grievance Committee, the 319th District Court has dominant jurisdiction over the claims involving McGee's advertisements. The State Bar also contends that, since the 93rd District Court lacks jurisdiction to determine any question involving the alleged professional misconduct of McGee as an attorney, the issue of dominant jurisdiction is not raised and is irrelevant. In addition, the State Bar argues, the two lawsuits involve substantive and procedural distinctions.

We find the Texas Supreme Court's recent decision in *Board of Disciplinary Appeals v. McFall*, 888 S.W.2d 471 (Tex.1994) to be dispositive. In *McFall*, the Board of Disciplinary Appeals revoked the probation previously granted to a disciplined attorney and suspended him from the practice of law. After filing a Notice of Appeal with the Supreme Court of Texas, the attorney filed a petition for a temporary restraining order from the 237th District Court of Lubbock County. After hearing the petition, Judge

John R. McFall took the matter under advisement and extended the restraining order pending further hearings. The Board asked the Texas Supreme Court for a writ of mandamus to vacate the district court's restraining order against the suspension of the attorney and a writ of prohibition barring further proceedings in the district court. The court held that the district court's temporary restraining order was beyond its jurisdiction and that mandamus was appropriate. The court, citing *State v. Sewell*, 487 S.W.2d 716 (Tex.1972), held that the Texas Rules of Disciplinary Procedure do not provide for interim equitable relief and do not give a district court jurisdiction to enjoin the Board's action in suspending an attorney.

We conclude that the 93rd District Court does not have jurisdiction to interfere with the grievance procedures authorized by the State Bar Act. We hold that the 93rd District Court abused its discretion by entering the temporary injunction against the State Bar of Texas and its committees.

We do not rule on the scope of the 93rd District Court's jurisdiction to rule on the claims raised by McGee as that issue is not presently before us.

The temporary injunction entered by the 93rd District Court is ordered vacated.