**Richard W. FAVALORO, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 05–96–01627–CV.

Court of Appeals of Texas, Dallas.

Feb. 28, 2000.

Richard W. Favaloro, Attorney at Law, Dallas, for Appellant.

David M. Pruessner, Pruessner & Shilling, Dallas, for Appellee.

Before Justices KINKEADE, BRIDGES, and ROACH.

## OPINION

Opinion By Justice BRIDGES.

On the Court's own motion, we **VACATE** our September 10, 1999 opinion. We also **VACATE** our September 10, 1999 judgment. This is now the opinion of this Court.

The State Bar of Texas filed a disciplinary petition in the name of the Commission for Lawyer Discipline against attorney Richard W. Favaloro, alleging professional misconduct. The trial court found that Favaloro committed misconduct in violation of rules 3.03(a)(1), 8.02(a), and 8.04(a)(3) of the e Texas Disciplinary Rules of Professional Conduct and suspended Favaloro form the practice of law, probated for three years. In twenty-four points of error, Favaloro argues generally that the trial court (1) lacked jurisdiction, (2) erred in charging the jury and entering judgment because he had no fair notice of the charges against him, (3) erred in overruling his evidentiary objections, (4) erred in entering judgment on the jury's verdict, (5) erred in charging the jury, (6) erred in refusing his jury issues and definitions, (7) erred in overruling his motion for continuance, (8) erred in failing to file findings of fact and conclusions of law, (9) erred in overruling his objections to opposing counsel, (10) erred in sustaining the Commission's objections to his exhibits, (11) erred in disregarding the jury's finding on attorney's fees, and (12) erred in failing to stay judgment pending appeal. In a single cross-point, the Commission argues that the trial court erred in fully probating Favalor's suspension. We affirm the trial court's judgment. We publish this opinion pursuant to Texas Rules of Disciplinary Procedure 6.06. See Tex. R. Disciplinary P. 6.06, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (Vernon 1998).

### BACKGROUND

The underlying disciplinary proceeding arose out of Favaloro's representation of a client in a wrongful termination of employment case. Opposing counsel filed a grievance against Favaloro. A district grievance committee determined that there was just cause to believe that Favaloro had violated the Texas Disciplinary Rules. However, before the committee notified Favaloro of its determination, Favaloro filed suit in the 191st District Court of Dallas County against the State Bar of Texas, the grievance committee, and the committee chairperson. Favaloro gave the following notice in the final paragraph of his petition against the State Bar: "Under Rule 2.14, Plaintiff [Favaloro] refuses any further proceedings before the District 6A grievance committee or any other grievance committee regarding the Grievance."

The Commission subsequently filed a disciplinary petition against Favaloro in the 95th District Court of Dallas County. A jury found, among other things, that Favaloro had made certain false statements in the course of the underlying suit,

and the trial court entered judgment that Favaloro had committed professional misconduct. Favaloro now brings this appeal.

## JURISDICTION

We first address Favaloro's arguments that the trial court lacked jurisdiction over this case. In his first point of error, Favaloro argues the trial court lacked jurisdiction because the Commission did not plead all "statutory conditions precedent." In his second point of error, Favaloro argues the trial court erred in entering judgment because it failed to find these same "conditions precedent." The "conditions precedent" to which Favaloro refers are the Texas Rules of Disciplinary Procedure pertaining to the composition and operation of district grievance committees. *See* TEX.R. DISCIPLINARY P. 2.01, 2.02, 2.03, 2.05, 2.06, 2.07, 2.09, 2.10, 2.11, 2.12, 2.13, 2.14, 2.15. Among other things, Favaloro argues that the disciplinary petition against him did not allege that the grievance against him was assigned to a properly-appointed district grievance committee or that the committee classified the grievance as a complaint and assigned a properly-constituted panel that reviewed the complaint as provided in the Texas Rules of Disciplinary Procedure.

Section 3.01 of the Texas Rules of Disciplinary Procedure sets out the contents of a disciplinary petition as follows:

A. Notice that the action is brought by the Commission for Lawyer Discipline, a committee of the State Bar.

B. The name of the Respondent and the fact that he or she is an attorney licensed to practice law in the State of Texas.

C. The residence and principal place of practice of the Respondent, or other allegations necessary to fix venue.

D. A description of the acts and conduct that gave rise to the alleged Professional Misconduct in detail sufficient to give fair notice to Respondent of the claims made, which factual allegations may be grouped in one or more counts.

E. The specific rules of the Disciplinary Rules of Professional Conduct allegedly violated by the acts or conduct, or other grounds for seeking Sanctions.

F. A demand for judgment that the Respondent be disciplined as warranted by the facts and for any other appropriate relief.

G. Any other matter that is required or may be permitted by law or by these rules.

TEX.R. DISCIPLINARY P. 3.01.

Favaloro argues that rule 3.01(G), in providing that the disciplinary petition contain "any other matter," requires that the petition allege every requirement under the rules governing district grievance committees. *See* TEX.R. DISCIPLINARY P. 3.01(G). We disagree. The disciplinary petition in this case met the requirements of rule 3.01 which prescribes the contents of the petition. *See* TEX.R. DISCIPLINARY P. 3.01. We do not read rule 3.01(G) to require that a disciplinary petition allege that every aspect of every rule pertaining to the administration and organization of district grievance committees has been satisfied. We overrule Favaloro's first point of error. Similarly, nothing required the trial court to expressly find in its judgment that the requirements concerning district grievance committees had been met. We overrule Favaloro's second point of error.

In his seventeenth and nineteenth points of error, Favaloro argues the trial court erred when it acted outside its judicial and "temporal" jurisdiction. In particular, Favaloro complains that the Supreme Court of Texas did not appoint a replacement judge within thirty days of Favaloro's February 14, 1995 "Respondent's Objection to Visiting Judges." Therefore, Favaloro argues, the supreme court's appointment of a replacement judge on October 10, 1995, was void because it came outside the statutory thirty-day limitations period. *See* TEX.R. DISCI-

PLINARY P. 3.02. With respect to "temporal" jurisdiction, Favaloro argues that the trial court was prohibited from resetting the April 1995 trial date because the trial court was required to begin trial no later than 180 days after the disciplinary petition was filed with the district clerk. *See* TEX.R. DISCIPLINARY P. 3.07. However, Texas Rule of Disciplinary Procedure 15.07, regarding the effect of time limitations, does not include rules 3.02 or 3.07 among those rules with mandatory time periods. *See* TEX.R. DISCIPLINARY P. 15.07. Instead, rules 3.02 and 3.07 fall within the provision that "all other time periods herein provided are directory only and the failure to comply with them does not result in the invalidation of an act or event by reason of the noncompliance with those time limits." *Id.* Thus, even though the appointment of a replacement judge was somewhat delayed, this delay did not result in the invalidation of the trial court's jurisdiction. *See id.* Likewise, although trial in this case was reset on a date outside the 180–day period, this delay did not result in the invalidation of the trial court's jurisdiction. *See id.* We overrule Favaloro's seventeenth and nineteenth points of error.

■ In Favaloro's eighteenth point of error, he argues that the court acted outside of its geographic jurisdiction when it conducted judicial appointments in Travis County and hearings in Harris County, not Dallas County. To support this argument, Favaloro cites rule 3.03's provision that all proceedings incident to the trial de novo must take place in the county of respondent's principal place of practice. *See* TEX.R. DISCIPLINARY P. 3.03. Although Favaloro complains of appointments and hearings conducted outside Dallas County, he fails to provide any citations to the record in support of this point of error. The rules of disciplinary procedure require that the supreme court, which sits in Travis County, appoint an active district judge who does not reside in the Administrative Judicial Region in which the Respondent resides to preside over a disciplinary case.

TEX.R. DISCIPLINARY. P. 3.02. Appellant cites no authority, nor have we found any, to support the proposition that rule 3.02 prohibits the supreme court from conducting judicial appointments in Travis County. In this case, Judge John Montgomery resided in Harris County and Favaloro resided in Dallas County. Thus, Judge Montgomery's appointment complied with rule 3.02. Additionally, we note that Favaloro filed an objection to Judge Montgomery who then removed himself from the case and referred the matter to the Supreme Court for appointment of a replacement judge. Thus, we conclude Favaloro's challenge to the trial court's jurisdiction on this basis is without merit. We overrule Favaloro's eighteenth point of error.

■■ In his twentieth point of error, Favaloro argues the trial court erred when it interfered with the 191 st District Court's jurisdiction. On April 14, 1994, Favaloro filed in the 191 st District Court an original petition against the State Bar of Texas, the grievance committee, and Eleanora Duncan, chairperson of the grievance committee. In his petition, Favaloro sought temporary relief enjoining the State Bar, the grievance committee, and Duncan from (1) enforcing against Favaloro the rules of disciplinary procedure relating to the confidentiality of the investigatory panel's proceedings, *see* TEX.R. DISCIPLINARY P. 2.07, 2.11, 2.15, 15.10, 15.11, and (2) proceeding further with the grievance against him. On December 16, 1994, the Commission for Lawyer Discipline filed a disciplinary petition against Favaloro in the 95 th District Court of Dallas County. Favaloro contends that the 191 st District Court had dominant jurisdiction because of his prior suit against the State Bar, the grievance committee, and Duncan. We disagree. A district court does not have jurisdiction to interfere with the grievance procedures authorized by the State Bar Act. *See Board of Disciplinary Appeals v. McFall,* 888 S.W.2d 471, 472 (Tex.1994); *State Bar of Tex. v. McGee,* 897 S.W.2d 437, 438–39 (Tex.App.-Corpus Christi 1995, writ dism'd

w.o.j.). Thus, Favaloro's suit in the 191st District Court did not impact the jurisdiction of the 95th District Court over the disciplinary petition filed therein. We overrule Favaloro's twentieth point of error.

### The Judgment

█ Having resolved Favaloro's jurisdictional points of error against him, we turn now to consider his points of error complaining about the judgment against him. In his third point of error, Favaloro argues the trial court erred in entering judgment because the court did not find that any of the steps in Texas Rules of Disciplinary Procedure 3.01 through 3.14, pertaining to trial de novo in the district court, were followed. *See* Tex.R. Disciplinary P. 3.01–3.14. Favaloro does not argue that any violation of the rules pertaining to trial occurred, merely that the trial court erred in refusing Favaloro's request for findings on each of the steps in rules 3.01 through 3.14. While the trial court was required to *follow* the rules concerning the conduct of trial, along with pretrial and post-trial matters, we find no support for Favaloro's argument that the trial court was also required to *find* that it had followed the rules, nor does Favaloro cite us to any authority imposing such a requirement. We overrule Favaloro's third point of error.

█ In his fourth point of error, Favaloro first argues the trial court erred in entering judgment and charging the jury because the grievance committee never found just cause on the charges. Favaloro's "just cause" argument refers to the requirement under the Texas Rules of Disciplinary Procedure that the grievance committee appoint an investigatory committee to determine whether "just cause" exists for a complaint against an attorney. *See* Tex.R. Disciplinary P. 2.11. However, nothing in the Texas Rules of Disciplinary Procedure specifically requires the Commission to plead and prove a finding of just cause. *Wade v. Commission for Lawyer Discipline,* 961 S.W.2d 366, 371 (Tex.App.-Houston [1st Dist.] 1997, no pet.). In fact, by the time a complaint reaches the district court, other rules, such as 2.11 and 2.13, have ensured that the finding of just cause has already been made. *Id.; see* Tex.R. Disciplinary P. 2.11, 2.13. Moreover, the record in this case contains letters from the Office of the General Counsel of the State Bar of Texas indicating that the grievance committee believed Favaloro violated rules 3.01, 3.02, 3.03(a)(1), 3.04(c)(1), 3.04(c)(2), 8.02(a), 8.04(a)(1), 8.04(a)(2), and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct and that the Grievance Committee Panel's decision in the matter was unanimous. While the letters do not use the words "just cause," they constitute sufficient evidence to show the investigatory committee made such a finding. *See Wade,* 961 S.W.2d at 372. We overrule Favaloro's fourth point of error to the extent it complains about a finding of "just cause."

### Notice

█ In the second part of his fourth point of error, Favaloro argues he did not have fair notice of the charges against him until the court read the charges to the jury. Similarly, in his thirteenth point of error, Favaloro complains that the trial court erred in charging the jury because no pleadings supported the charge. We liberally construe pleadings in favor of the pleader, particularly when the complaining party has not filed any special exceptions. *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex.1993) (op. on reh'g); *Spiers v. Maples,* 970 S.W.2d 166, 168 (Tex.App.-Fort Worth 1998, no pet.); *Bank One, Tex., N.A. v. Stewart,* 967 S.W.2d 419, 431 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (op. on reh'g). Pleadings shall give fair notice of the claim or defense asserted to provide the opposing party with enough information to enable him to prepare a defense or answer to the defense asserted. Tex.R. Civ. P. 45(b), 47(a); *Bank One,* 967 S.W.2d at 430. A petition is sufficient if a

cause of action or defense may be reasonably inferred from what is specifically stated. *Bank One*, 967 S.W.2d at 430.

■ The original disciplinary petition filed against Favaloro specified that he had violated rules 3.01, 3.02, 3.03(a)(1), 3.04(c)(1), 3.04(c)(2), 8.02(a), 8.04(a)(1), 8.04(a)(2), and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct. The trial court charged the jury on the issues of whether Favaloro had violated these rules by, among other things, making false statements to the tribunal, engaging in conduct involving deceit or misrepresentation, making statements concerning the qualifications or integrity of a judge with reckless disregard as to their truth or falsity, and filing frivolous motions. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.01, 3.03(a)(1), 8.02(a), 8.04(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). Under these circumstances, we conclude Favaloro had fair notice of the charges against him, and the pleadings supported the jury charge. We overrule Favaloro's fourth point of error to the extent it argues Favaloro did not receive fair notice of the charges against him and Favaloro's thirteenth point of error.

## THE SCHEDULING ORDER

■ In his fifth point of error, Favaloro complains that the trial judge who ultimately presided over this case erred in setting aside a January 27, 1995 scheduling order entered by the first judge appointed to hear this case and overruling Favaloro's objections to witnesses and other matters regarding the order. Favaloro appears to complain that the Commission should not have been allowed to call witnesses at trial in April 1996 because it did not comply with the disclosure requirements imposed by the January 27, 1995 scheduling order. We disagree.

■ The record contains a January 27, 1995 scheduling order entered by Judge Montgomery setting an April 3,

1995 deadline for the Commission to disclose its fact and expert witnesses. However, on February 14, 1995, Favaloro objected to Judge Montgomery under section 74 of the Texas Government Code. *See* TEX. GOV'T.CODE ANN. § 74.053 (Vernon 1998). Once a party makes a timely objection to an assigned judge, the assigned judge's disqualification is mandatory. *Amateur Athletic Found. v. Hoffman*, 893 S.W.2d 602, 602–03 (Tex.App.-Dallas 1994, no writ). An objection to an assigned judge is timely if made before the assigned judge, sitting on the bench in open court, calls the case to hearing or to trial. *Id.* at 603 Any order entered by the assigned judge then becomes a nullity. *Id.* Judge Montgomery entered an order referring this case back to the supreme court for appointment of a replacement judge. The supreme court appointed a replacement judge on October 10, 1995. Thus, by Favaloro's request, there was no judge assigned to try the case in April 1995. At trial on April 15, 1996, Favaloro argued that the Commission did not comply with the January 27, 1995 scheduling order. However, the scheduling order was a nullity once Favaloro objected to Judge Montgomery and the supreme court appointed a replacement. *See id.* Accordingly, we overrule Favaloro's fifth point of error.

■ In his fifteenth point of error, Favaloro argues the trial court erred in denying his motion for continuance after refusing to enforce the January 27, 1995 scheduling order. The record contains Favaloro's oral request for a continuance in order to designate witnesses. This oral motion does not satisfy the provisions of rule 251 of the Texas Rules of Civil Procedure. *See* TEX.R. CIV. P. 251. When the provisions of rule 251 have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance. *Metro Aviation, Inc. v. Bristow Offshore Helicopters, Inc.*, 740 S.W.2d 873, 874 (Tex.App.-Beaumont 1987, no writ); *Ohlhausen v. Thompson*, 704 S.W.2d 434, 436 (Tex.App.-Houston [14th

Dist.] 1986, no writ). We overrule Favaloro's fifteenth point of error.

## THE VERDICT

 In his sixth point of error, Favaloro argues the trial court erred in entering judgment on the verdict and charging the jury because the judgment references the verdict, the verdict does not conform to the pleadings, and the judgment therefore does not conform to the pleadings. Favaloro does not direct us to any place in the record where he objected to the jury charge and obtained a ruling. Instead, Favaloro cites generally to the jury charge, the judgment, the first and second amended disciplinary petitions, and the trial amendment to the disciplinary petition. A comparison of these documents shows that the judgment stated Favaloro had violated rules 3.03(a)(1), 8.02(a), and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct, the jury found that Favaloro had violated these rules, and the disciplinary petition alleged that Favaloro had violated these rules, among others. We overrule Favaloro's sixth point of error.

## MATTERS NOT PRESERVED FOR REVIEW

 In his seventh, eighth, and ninth points of error, Favaloro complains that the trial court erred in entering judgment on the verdict because the verdict was never rendered, the judge erroneously created a hung jury, and the judge discharged the jury without returning them for further deliberation on an incomplete verdict. In raising these arguments, Favaloro does not cite to the clerk's record or the reporter's record. In his tenth, eleventh, and twelfth points of error, Favaloro complains that the trial court erred in entering judgment on the verdict and charging the jury under rule 8.02 [1] of the Texas Disciplinary Rules of Professional Conduct. Favaloro discusses the jury's findings and quotes excerpts from the jury charge but does not support his arguments with any authority. In his fourteenth point of error, Favaloro complains that the trial court erred in refusing his jury issues and definitions. He does not explain, nor does he provide any support for, the proposition that his submitted issues and definitions were "proper." In his twenty-first point of error, Favaloro complains that the trial court erred in overruling his objections to the Commission's counsel. In his twenty-second point of error, Favaloro complains that the trial court erred in sustaining the Commission's objections to his exhibits. Favaloro does not explain or support his contention that the trial court erred in overruling his objections to the Commission's counsel, and he does not set forth with any particularity the reasons why the trial court erred in sustaining the Commission's objections to Favaloro's exhibits. We are not responsible for making Favaloro's argument for him.

 Former rule of appellate procedure 74(f) [2] required that a brief to this Court contain, among other things, a statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the

1. Although Favaloro's eleventh point of error refers to rule 8.03(a), which imposes a duty on lawyers to report the misconduct of other lawyers, we conclude Favaloro's eleventh .point of error actually relates to rule 8.02(a) prohibiting false statements concerning the qualifications or integrity of a judge. We note that violation of rule 8.03(a) was not alleged in the disciplinary petition and was not submitted to the jury.

2. Effective September 1, 1997, the Texas Supreme Court repealed the then-existing rules of appellate procedure and replaced them with the current rules of appellate procedure. In civil cases, the current rules of appellate procedure apply to cases in which the notice of appeal or the brief (depending on the circumstances) was filed after September 1, 1997. In all other civil cases, the repealed rules apply. In this case, the appeal was perfected on April 17, 1996, and Favaloro's brief was filed on February 7, 1997. Therefore, the former rules of appellate procedure apply to this case.

record. *See* Tex.R.App. P. 74(f) (former rules). Because, in these points of error, Favaloro does nothing more than summarily state his point of error, without citation to legal authority or substantive analysis, we conclude he has failed to preserve these arguments for review. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983); *Bowles v. Clipp*, 920 S.W.2d 752, 756 (Tex.App.-Dallas 1996, writ denied); *Tacon Mechanical Contractors, Inc. v. Grant Sheet Metal, Inc.*, 889 S.W.2d 666, 671 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Accordingly, we overrule Favaloro's seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, twenty-first, and twenty-second points of error.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his sixteenth point of error, Favaloro complains of the trial court's failure to file findings of fact and conclusions of law. Rule 296 of the Texas Rules of Civil Procedure provides for requests for findings of fact and conclusions of law. *See* Tex.R. Civ. P. 296. By its terms, it is only applicable in a case tried without a jury. *Id.* Thus, the rule does not apply in this case which was, as previously discussed, a jury trial. We overrule Favaloro's sixteenth point of error.

## ATTORNEY'S FEES

In his twenty-third point of error, Favaloro complains that the trial court erred in disregarding the jury finding on attorney's fees. Favaloro's complaint addresses the trial court's decision, reflected in the final judgment, that "the uncontroverted evidence established that a reasonable fee for preparation and prosecution of this suit was $25,000." We note that Favaloro has only provided this Court with a partial reporter's record, and his only citation to the record under this point of error is to the trial court's final judgment. Points of error dependent on the state of the evidence cannot be reviewed without a complete record. *Dob's Tire & Auto Ctr. v. Safeway Ins. Agency*, 923 S.W.2d 715,

720 (Tex.App.-Houston [1st Dist.] 1996, writ dism'd w.o.j.). If the appellant fails to bring forward a complete record, the points of error dependent on the state of the evidence will be deemed to have been waived. *See id.* Because Favaloro has not provided this Court with a complete reporter's record with which to review the trial court's award of attorney's fees, he has waived review. We overrule Favaloro's twenty-third point of error.

## STAY OF JUDGMENT

Although the trial court fully probated his suspension, Favaloro raises the argument in his twenty-fourth point of error that the trial court erred in failing to stay judgment pending appeal, citing rule 3.14 of the Texas Rules of Disciplinary Procedure. Rule 3.14 provides that a judgment of suspension may be stayed during the pendency of appeals therefrom if the district court finds, upon competent evidence, that "the Respondent's continued practice of law does not pose a continuing threat to the welfare of Respondent's clients or to the public." Tex.R. Disciplinary P. 3.14. After judgment was entered against him, Favaloro had the burden to prove his continued practice of law did not pose a threat. *See id.; Wade*, 961 S.W.2d at 373. Favaloro has failed to direct us to any place in the record where he filed a motion or requested that his suspension be stayed. Under these circumstances, we conclude that Favaloro failed to carry his burden of proving that his continued practice of law did not pose a threat. *See Wade*, 961 S.W.2d at 373. We overrule Favaloro's twenty-fourth point of error.

## PROBATED SENTENCE

In a single cross-point, the Commission argues that the trial court erred in fully probating Favaloro's suspension from the practice of law. The trial court has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred. *Butler v. Commission for Lawyer*

*Discipline,* 928 S.W.2d 659, 666 (Tex.App.-Corpus Christi 1996, no writ). After reviewing the record, we cannot conclude that the trial court's decision to probate Favaloro's suspension was an abuse of discretion. We overrule the Commission's sole cross point.

We affirm the trial court's judgment.