header.ag1



NUMBER 13-00- 143-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

THE STATE OF TEXAS, Appellant,


v.



ONE (1) RED 1988 CHEVROLET SILVERADO,

VIN # 1GCDC14HXJZ154453 Appellee.

___________________________________________________________________
On appeal from the 206th District Court

of Hidalgo County, Texas.

___________________________________________________________________
O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Cantu (1)

Opinion by Chief Justice Valdez


The State of Texas brings this appeal of a judgment entered in the 206th District Court denying its request for the forfeiture
of a 1988 Chevrolet Silverado truck. In two issues, the State argues: (1) Mrs. Zapata was at no time properly before the
trial court because she had not properly intervened in the case and had not properly raised an affirmative defense; and, (2)
community property is not exempt from forfeiture where such property is used by a spouse in a manner making the property
subject to forfeiture, even though such property is used by one spouse without the knowledge or consent of the other
spouse. We affirm the trial court's judgment.

The State commenced a forfeiture proceeding against the truck, pursuant to chapter 59 of the Texas Code of Criminal
Procedure. The State alleged that said truck was used in the commission of a felony under chapter 481 of the Texas Health
and Safety Code. The record reflects that the registered owner of the seized truck is Juan Zapata. The record further
reflects that Mr. Zapata is married to Nora Lopez Zapata, and that their marriage relationship commenced prior to Mr.
Zapata acquiring title to the truck in question. In response to the State's Original Petition and Notice of Seizure and
Intended Forfeiture, the Zapatas' attorney filed an answer, wherein he raised the innocent owner defense on behalf of Mrs.
Zapata. 

At trial, an Hidalgo County Deputy Sheriff testified that the truck in question was used by Mr. Zapata to facilitate the sale
of cocaine. The Zapatas responded by presenting evidence that the truck was community property and that Mrs. Zapata
was an innocent owner of the truck, who had no knowledge that her spouse had misused her community property. The trial
court ruled against the State, basing its finding on the theory that the truck is the community property of Mr. Zapata and his
wife. The court further found that Mrs. Zapata was an innocent owner because she acquired her interest in the truck before
the act giving rise to the forfeiture and that she "did not know nor should she have reasonably known of the act or omission
giving rise to the forfeiture, nor that it was likely to occur at or before the time of acquiring the interest."

In its first issue on appeal, the State complains that the trial court erred in considering Nora Zapata's claim to the truck,
because she had not properly intervened in the case and had not properly raised an affirmative defense. In order to properly
intervene in a pending lawsuit, an intervenor must file a pleading with the court. Tex. R. Civ. P. 60. The pleading which
Mr. and Mrs. Zapata filed was somewhat confusing. The Zapatas' pleading, which was entitled "Respondent's Original
Answer," was purportedly filed only on behalf of Mr. Zapata, however, it alleged that Mrs. Zapata had no knowledge of the
act giving rise to forfeiture. Further, the pleading was verified by Mrs. Zapata. The general rules concerning pleadings
apply with equal force to an intervenor. Tex. R. Civ. P. 61. Pleadings need only give fair notice of the claim or defense
asserted to provide the opposing party with enough information to enable him to prepare a defense or answer to the defense
asserted. Tex. R. Civ. P. 45(b), 47(a); Favaloro v. Commission for Lawyer Discipline, 13 S.W.3d 831, 837 (Tex.
App.--Dallas 2000, no pet.). We find that the pleading filed by Mr. and Mrs. Zapata was sufficient to provide the State
with notice of Mrs. Zapata's intention to intervene in this cause.

We next turn to the State's argument that Mrs. Zapata did not properly raise the innocent owner defense, an affirmative
defense. See Tex. Code Crim. Proc. Ann. art. 59.02(c) (Vernon Supp. 2001). At the outset, we note that the State did not
object when the Zapatas' attorney presented evidence that the vehicle should not be taken from the Zapatas because it was
Mrs. Zapata's community property and she was an innocent owner of that property. Any issue may be deemed tried by
consent when evidence upon the issue is developed under circumstances that the parties understand the issue is in the case
and the other party fails to make an appropriate complaint. Hoggett v. Brown, 971 S.W.2d 472, 483 (Tex. App.--Houston
[14th Dist.] 1997, no pet.). To determine whether an issue was tried by consent, the court must examine the record, not for
evidence of the issue, but rather for evidence of trial of the issue. Id. In the present case, the State consented to the trial of
this issue because substantial evidence of Mrs. Zapata's innocent owner status was presented without objection. The State
did not object to the inadequacy of Mrs. Zapata's pleadings until after the presentation of evidence had been closed, and
therefore the State's objection was not timely. See Tex. R. Civ. P. 67. Accordingly, we find that Mrs. Zapata's innocent
owner claim was tried by consent. We overrule the State's first issue.

In its second issue, the State complains that the trial court erred in finding that community property is exempt from
forfeiture where such property is used by one spouse in a manner making it subject to forfeiture without the knowledge or
consent of the other spouse. The State raises this argument for the first time on appeal. Because the State did not raise this
argument at trial, this issue has not been preserved for review on appeal. Tex. R. App. P. 33.1. We overrule appellant's
second issue.

We AFFIRM the trial court's judgment.



_______________________

ROGELIO VALDEZ

Chief Justice



Do not publish.

TEX. R. APP. P. 47.3.



Opinion delivered and filed this

the 14th day of June, 2001.

1. Senior Justice Antonio G. Cantu assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. §74.003 (Vernon 1998).