NO. 07-01-0508-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 4, 2002


______________________________



In re STEVE D. MCNEAL
,




 Relator 

 ____________________________ 


 

 ORIGINAL PROCEEDING 


 ____________________________ 






Before BOYD, C.J., QUINN and REAVIS, JJ.

 Steve D. McNeal petitions the court for a writ of mandamus. In particular, we are
asked to order various attorneys who allegedly represented him in a criminal matter "to
submit copies of all items in their files pretaining [sic] to cause no: 99-431348 to the
appellant Steve D. McNeal." This is supposedly necessary to enable him to "present
credible evidence in support of his appeal . . ." as well as to secure him equal protection
and his "right to present adequate, effective, and meaningful claim [sic] to this Honorable
Court." We deny the petition for the following reasons.

 The rules of appellate procedure obligate one seeking mandamus to include in his
petition "clear and concise argument for the contentions made, with appropriate citations
to authorities and to the appendix or record." Tex. R. App. Proc. 52.3(h). This requires
the petitioner to provide the court with substantive analysis of his legal contentions and
citation to authority supporting those contentions. See Vasquez v. State, 22 S.W.3d 28,
31 (Tex. App.-Amarillo 2000, no pet.) (holding that one waives his point by failing to
accompany it with anything more than conclusory allegation); Favaloro v. Commission for
Lawyer Discipline, 13 S.W.3d 831, 839 (Tex. App.-Dallas 2000, no pet.) (stating that the
appellant waived his contention by failing to support it through explanation and citation to
authority). Here, McNeal provides us with no direct legal citation illustrating that we may
issue a writ of mandamus directing his previous attorneys to deliver records to him. Nor
does he cite analogous authority from which one could extrapolate that he is entitled to the
relief sought. Moreover, his mere reference to various federal civil statutes which have
nothing to do with mandamus (e.g. 42 U.S.C. §§ 1983 and 1985) do not fill the void. 

 Nor did he accompany his allegation that the supposed files are needed to
successfully prosecute an appeal with substantive explanation. Rather, he simply
concludes that within those files is evidence of "harm." This is of import because while we
may issue a writ of mandamus against an entity other than a judge or court, our authority
to do so is quite limited. Indeed, we may do so only when necessary to enforce our
appellate jurisdiction. Tex. Gov. Code Ann. 22.221(a); In re Washington, 7 S.W.3d 181,
182 (Tex. App.-Houston [1st Dist.] 1999, no pet.). Here, aside from stating that he would
like the information contained in his attorneys' files to prosecute an appeal in this court,
what that information is and how his obtaining same is necessary to enforce our appellate
jurisdiction goes unexplained. This is especially problematic when our records indicate
that the appeal to which he alludes involves a criminal case in which he has been
appointed counsel, that counsel has already filed a brief on his behalf, that counsel has
not voiced concern about the lack of information necessary to prosecute the appeal, and
McNeal is not entitled to hybrid representation (i.e to file his own brief). (1)

 That McNeal may be acting pro se and be incarcerated matters not. He and those
in his stead are obligated to abide by the pertinent rules of procedure. Holt v. F.F. Enters.,
990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). Accordingly, we deny the
petition for writ of mandamus. 


 Brian Quinn 

 Justice 

 

Do not publish. 
1. The appeal in question is styled McNeal v. State, No. 07-01-0267-CR and pends in this court. 
Moreover, that he allegedly needs the contents of the attorneys' files to obtain evidence illustrating that he
was "harmed" viz the acts underlying his appeal does not authorize us to act. This is so because our decision
in cause number 07-01-0267-CR can only be based upon the record before us. Tong v. State, 25 S.W.3d
707, 712 (Tex.Crim.App. 2000). If the information allegedly contained in the files was not before the trial
court and incorporated into the appellate record, then we cannot consider it. On the other hand, if it is part
of the record, then it is already available to McNeal. In either case, issuing mandamus would be a
meaningless act.



enUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00437-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
3, 2010

 



 

IN RE PHILLIP CLARK, RELATOR



 



 

 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Phillip Clark, has filed a petition for writ of mandamus
requesting this Court order respondent, the 364th Judicial District
Court Judge Bradley S. Underwood to ORDER the Lubbock County District
Attorneys Office to RULE on petitioners MOTION for CHANGE of VENUE, which has
been before the Lubbock County District Attorneys Office in EXCESS of One
Hundred and Fourteen (114) days.  In
addition, Clark requests this Court order Judge Underwood to appoint counsel
for Clark.  Finally, Clark requests this
Court order the State[1]
and Lois Wischkaemper[2]
to produce medical records relating to the diagnosis and treatment of injuries
sustained by Frank Beck arising from events for which Clark was convicted of
aggravated kidnapping.  See Clark
v. State, 190 S.W.3d 59, 61 (Tex.App.Amarillo
2005, no pet.).  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[3]
identifies the requirements for a petition for writ of mandamus filed in this
Court.  Clark has failed to comply with
these requirements.  Rule 52.3(a)
requires that a petition must include a complete list of all parties and the
names and addresses of all counsel. 
Clark does list the names and addresses of the majority of the parties
against whom he seeks mandamus relief. 
However, he does not identify Wischkaemper in
this list nor does he provide her address. 
Further, Clark identifies this Court and, specifically, the members of
the panel deciding his direct appeal in the above-identified cause as parties
to this mandamus action.  Rule 52.3(b)
requires that the petition include a table of contents with references to the
pages of the petition and an indication of the subject matter of each issue or
point raised in the petition.  Clark=s petition includes no table of contents.  Rule 52.3(c) requires that a petition include
an index of authorities in which all authorities cited in the petition are
arranged alphabetically and the page(s) upon which the authorities are cited is
indicated.  Clark=s petition includes no index of
authorities.  Rule 52.3(d) requires a
statement of the case that includes a statement of the nature of the underlying
proceeding.  Clark=s petition does not contain a
statement of the case, and does not identify the nature of the underlying
proceeding.[4]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Clark=s petition includes no such statement.  In fact, Clarks petition does not identify
the issues or points presented for relief. 
Rule 52.3(g) requires the petition include a statement of facts supported
by citation to competent evidence included in the appendix or record.  Clarks petition does not include a statement
of facts, and, because his petition did not include an appendix and no record
has been filed, no citation to competent evidence included in the appendix or
record could have been provided.  Rule
52.3(h) requires a clear and concise argument for the contentions made, with
appropriate citations to authorities. 
Clark cites much authority in support of his argument.  However, his argument is far from clear or
concise.  Rule 52.3(i)
requires that the petition include a short conclusion that clearly states the
nature of the relief sought.  While
Clarks conclusion stating the nature of relief sought can be deciphered as
above, it is not clear.  Finally, Rule
52.3(k)(1)(A) requires that the appendix to the
petition include a certified or sworn copy of any order complained of, or other
document showing the matter complained of. 
As Clark has included no appendix to his petition, he has wholly failed
to comply with this requirement.  Each of
these items are required in a petition for writ of
mandamus and, as Clark has failed to include them in his petition, we may not
grant the relief that he requests.

In the
interest of judicial economy, we briefly note that, on this petition, Clark
would not be entitled to the relief sought, even were we to overlook the myriad
procedural defects in his petition.

Many of
Clarks requests for mandamus relief relate to parties that are outside of this
Courts mandamus authority.  A court of appeals
has authority to issue writs of mandamus against district and county court
judges within the court of appeals= district and all
writs necessary to enforce its jurisdiction. 
Tex. Gov=t Code Ann. ' 22.221(a), (b)
(Vernon 2004).  Neither the Lubbock
County District Attorneys Office nor Lois Wischkaemper are district or county court judges within our
district.  Further, Clark has failed to
show how issuance of a writ of mandamus against these parties is necessary to
enforce the jurisdiction of this Court.  In re Cummins, No. 07-04-0354-CV, 2004 Tex.App.
LEXIS 8107, at *2 (Tex.App.BAmarillo Sept. 2,
2004, orig. proceeding) (mem. op.); In re Coronado,
980 S.W.2d 691, 692 (Tex.App.BSan Antonio 1998,
orig. proceeding).

As to those requests that relate to Judge Underwood, Clark
has wholly failed to establish that he would be entitled to the relief
requested.  First, any motion to transfer
venue in a case would be submitted to the trial court for determination, and
nothing in the constitution or rules would allow the trial court to abdicate
this responsibility in favor of the district attorneys office.  As to Clarks request for appointment of
counsel, Clark has cited no authority that would entitle him to appointed
counsel for the underlying proceeding that he is attempting to pursue and,
further, Clark has not indicated that he has filed an affidavit of indigency to establish the procedural predicate for the
appointment of counsel, even if the nature of the underlying proceedings would
entitle him to such an appointment.

However,
as Clark=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

 








                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] By this reference to the State, we presume that
Clark is referencing the Lubbock County District Attorneys Office.

 





[2] Clark identifies Lois Wischkaemper
as a Senior Vice President and General Counsel for University Medical Center.





[3]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[4] Even after carefully reviewing
Clarks 29 page petition, it is unclear exactly what is the
nature of the underlying proceeding. 
It is clear that Clark was convicted of aggravated kidnapping at some
point around April 2004.  According to
Clark, he filed a motion for writ of habeas corpus in December 2006.  Also, in December 2006, Clark filed a motion
for order for release of medical records with the trial court.  Further, Clark identifies his many filings
within the federal judicial system. 
Clark indicates that he filed his motion for change of venue on July 4,
2010.  Finally, Clark indicates that he
filed a motion for appointment of counsel on August 7, 2010.  Since Clarks petition seems to seek redress
relating to many of these proceedings, the absence of
a clear identification of the nature of the underlying proceedings is a
material defect in the petition.