NO. 07-01-0508-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 4, 2002

_____

In re STEVE D. MCNEAL,

Relator

_____

***ORIGINAL PROCEEDING***

_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Steve D. McNeal petitions the court for a writ of mandamus. In particular, we are asked to order various attorneys who allegedly represented him in a criminal matter "to submit copies of all items in their files pretaining [sic] to cause no: 99-431348 to the appellant Steve D. McNeal." This is supposedly necessary to enable him to "present credible evidence in support of his appeal . . ." as well as to secure him equal protection and his "right to present adequate, effective, and meaningful claim [sic] to this Honorable Court." We deny the petition for the following reasons.

The rules of appellate procedure obligate one seeking mandamus to include in his petition "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. PROC. 52.3(h). This requires the petitioner to provide the court with substantive analysis of his legal contentions and

citation to authority supporting those contentions. *See Vasquez v. State*, 22 S.W.3d 28, 31 (Tex. App.–Amarillo 2000, no pet.) (holding that one waives his point by failing to accompany it with anything more than conclusory allegation); *Favaloro v. Commission for Lawyer Discipline*, 13 S.W.3d 831, 839 (Tex. App.–Dallas 2000, no pet.) (stating that the appellant waived his contention by failing to support it through explanation and citation to authority). Here, McNeal provides us with no direct legal citation illustrating that we may issue a writ of mandamus directing his previous attorneys to deliver records to him. Nor does he cite analogous authority from which one could extrapolate that he is entitled to the relief sought. Moreover, his mere reference to various federal civil statutes which have nothing to do with mandamus (*e.g.* 42 U.S.C. §§ 1983 and 1985) do not fill the void.

Nor did he accompany his allegation that the supposed files are needed to successfully prosecute an appeal with substantive explanation. Rather, he simply concludes that within those files is evidence of "harm." This is of import because while we may issue a writ of mandamus against an entity other than a judge or court, our authority to do so is quite limited. Indeed, we may do so only when necessary to enforce our appellate jurisdiction. TEX. GOV. CODE ANN. 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, no pet.). Here, aside from stating that he would like the information contained in his attorneys' files to prosecute an appeal in this court, what that information is and how his obtaining same is necessary to enforce our appellate jurisdiction goes unexplained. This is especially problematic when our records indicate that the appeal to which he alludes involves a criminal case in which he has been appointed counsel, that counsel has already filed a brief on his behalf, that counsel has

2

not voiced concern about the lack of information necessary to prosecute the appeal, and McNeal is not entitled to hybrid representation (*i.e* to file his own brief).[1]

That McNeal may be acting *pro se* and be incarcerated matters not. He and those in his stead are obligated to abide by the pertinent rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied). Accordingly, we deny the petition for writ of mandamus.

Brian Quinn
Justice

Do not publish.

---

[1]The appeal in question is styled *McNeal v. State*, No. 07-01-0267-CR and pends in this court. Moreover, that he allegedly needs the contents of the attorneys' files to obtain evidence illustrating that he was "harmed" *viz* the acts underlying his appeal does not authorize us to act. This is so because our decision in cause number 07-01-0267-CR can only be based upon the record before us. *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). If the information allegedly contained in the files was not before the trial court and incorporated into the appellate record, then we cannot consider it. On the other hand, if it is part of the record, then it is already available to McNeal. In either case, issuing mandamus would be a meaningless act.