NUMBER 13-08-00111-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MICHAEL W. WILLIAMS, Appellant,


v.
 


COMMISSION FOR 

LAWYER DISCIPLINE, Appellee.

 




On appeal from the 117th District Court of Nueces County, Texas.


 




MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 Appellee, Commission for Lawyer Discipline (the "Commission"), filed disbarment
proceedings against appellant, Michael W. Williams, in district court. After a bench trial,
the court rendered a final judgment of disbarment. Williams appeals this judgment by
three issues. We affirm the judgment of the trial court.

I. Background

 The Commission filed its third amended disciplinary petition on September 13, 2007. 
In this petition, the Commission alleged that Williams violated several disciplinary rules in
representing Mary L. Franklin, Robert Corder, and Jean V. Albe. 

 Regarding Franklin, the Commission stated that Williams represented Franklin in
a debt collection suit on a credit card account and alleged that he: (1) failed to
communicate with Franklin; (2) failed to respond to her reasonable requests for information
pertaining to the case; (3) failed to take any action on Franklin's behalf; and (4) made a
false statement of material fact to an investigator for the Office of Chief Disciplinary
Counsel. See Tex. Disciplinary R. Prof'l Conduct 1.01(b)(1), 8.01(a), 8.04(a)(3),
reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app A (Vernon 2007) (Tex. State Bar
R. art. X, § 9). With respect to the latter, the Commission alleged that Williams
represented to the investigator that he had sent a letter on Franklin's behalf to Jay A.
Taylor, the attorney for the creditor; however, Williams could not verify the letter's creation
or existence.

 Based on a separate complaint, the Commission further alleged that Williams was
hired by Corder to expunge records in three criminal matters. Corder gave Williams three
checks, each in the amount of $242, for the filing fees associated with each of the criminal
matters. The Commission asserted that Williams: (1) cashed two of the checks and
misplaced the third check; (2) failed to keep the funds paid by Corder separate from his
own funds; (3) failed to communicate with Corder; (4) failed to file any of the requested
expunction actions; and (5) did not return the filing fees to Corder. See id. at R. 1.01(b)(1),
1.14(a), 1.15(d). 

 Finally, the Commission contended that Williams represented Albe in a case filed
against Albe's insurance company. The Commission argued that Williams failed to: (1)
obtain service of process on the insurance company; (2) prosecute the case; and (3) keep
Albe informed of the status of the case. See id. at R. 1.01(b)(1), 1.03(a). As a result of
Williams's inaction, Albe's case was dismissed for want of prosecution and, ultimately,
barred by the statute of limitations. 

 On October 9, 2007, the trial court conducted a bench trial of the Commission's
allegations against Williams. (1) On November 30, 2007, the trial court entered a judgment
of disbarment and assessed: (1) reasonable attorney's fees in the amount of $6,460
against Williams; and (2) court costs in the amount of $4,000 for an appeal to this Court
and $2,000 for an appeal to the Texas Supreme Court. On the same day, the trial court
issued findings of fact and conclusions of law. (2) 

 Williams filed a pro se motion for new trial on December 28, 2007. The motion was
overruled by operation of law. See Tex. R. Civ. P. 329b(c). Williams filed a pro se notice
of appeal on February 19, 2008. 

II. Analysis


 In his first two issues, Williams challenges the sufficiency of the evidence supporting
the trial court's judgment of disbarment. Specifically, Williams argues that the trial court's
findings that: (1) he never mailed a letter to Taylor on behalf of Franklin; and (2) he failed
to hold Corder's funds in a trust or escrow account separate from his own funds are not
supported by competent evidence. In his third issue, Williams asserts that the trial court
erred by considering the Franklin and Corder complaints, which Williams contends are not
supported by legally and factually sufficient evidence, in determining the proper sanction
to impose. The Commission counters by arguing that, because Williams's arguments on
appeal depend on the review of the evidence presented at trial, and because Williams
failed to have a reporter's record filed, his issues should be overruled. We agree. 

 Williams was responsible for making arrangements to pay for the preparation of the
reporter's record. See Tex. R. App. P. 35.3(b)(3), 37.3(c)(2). Williams has neither paid the
reporter's fee, made satisfactory arrangements with the reporter to pay the fee, nor
established entitlement to appeal without paying the fee. (3) See id. at R. 20.1, 35.3(b)(3),
37.3(c)(2). This Court notified Williams of this deficiency on November 3, 2008, and
afforded him a reasonable opportunity to cure it, but he has failed to do so. On February
27, 2009, this Court informed Williams that it would proceed in this matter without the
reporter's record. 

 In challenging the sufficiency of the evidence supporting a judgment, at least a
partial reporter's record is necessary. See Tex. R. App. P. 34.6(c)(4); Hiroms v. Scheffey,
76 S.W.3d 486, 489 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (holding that appellant
has the burden to present to the appellate court a record that shows the error about which
appellant complains); see also Gardner v. Comm'n for Lawyer Discipline, No. 03-97-00275-CV, 1998 Tex. App. LEXIS 2094, at *7 (Tex. App.-Austin Apr. 9, 1998, no pet.) (not
designated for publication). When a reporter's record is necessary for an appeal but is not
filed through the fault of appellant, the appellate court must presume that the evidence
supports the trial court's judgment. Travelers Indem. Co. v. Starkey, 157 S.W.3d 899, 905
(Tex. App.-Dallas 2005, pet. denied). Moreover, after a bench trial, a trial court's findings
of fact are conclusive unless the appellate court has a complete reporter's record. Catalina
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); In re J.C., 250 S.W.3d 486, 489 (Tex.
App.-Fort Worth 2008, pet. denied).

 We cannot review Williams's first two issues pertaining to the Franklin and Corder
complaints on the scant record--one clerk's record with no volumes of trial exhibits or
testimony--he caused to be filed in this Court. See Tex. R. App. P. 34.6(c)(4), 37.3(c); (4) In
re Spiegel, 6 S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.) ("Simply put, if the
reporter's record is absent because the appellant did not satisfy rule 35.3(b), we will not
only continue to presume that the missing record supports the trial court's determination
but also forego reviewing the dispute as authorized under appellate rule 37.3(c)."); see also
Douglass v. Torrez, No. 2-08-189-CV, 2009 Tex. App. LEXIS 3035, at *4 (Tex. App.-Fort
Worth Apr. 30, 2009, no pet.) (mem. op.). Therefore, the trial court's findings of fact are
conclusive and support the judgment of disbarment. See Catalina, 881 S.W.2d at 297; In
re J.C., 250 S.W.3d at 489; see also Starkey, 157 S.W.3d at 905. Accordingly, we
overrule Williams's first two issues. 

 Furthermore, Williams's third issue is premised on an assumption that the trial
court's findings with respect to the Franklin and Conder complaints were erroneous. (5) 
Moreover, in arguing his third issue, Williams has not cited to any evidence in the record
supporting his contentions. See Tex. R. App. P. 38.1(i). Because we cannot review the
sufficiency of the evidence pertaining to the Franklin and Conder complaints based on the
record before us, and because Williams has not cited to evidence in the record supporting
his contentions, we conclude that Williams's third issue was waived. See id.; see also
Dolenz v. State Bar of Tex., 72 S.W.3d 385, 388 (Tex. App.-Dallas 2001, no pet.)
(concluding, in a disciplinary proceeding, that a failure to cite to any record references
waives an issue on appeal). Accordingly, we overrule Williams's third issue.IV. Conclusion


 We affirm the judgment of the trial court.

 

 ________________________

 DORI CONTRERAS GARZA,

 Justice

 

Memorandum Opinion delivered and 

filed this the 16th day of July, 2009.
1. Williams did not file a reporter's record of the trial court proceedings for our review; however,
Williams did file the clerk's record. 
2. In its findings of fact, the trial court noted that Williams "has an extensive disciplinary history
including numerous findings of professional misconduct."
3. The record does not reflect that Williams established indigence within the context of rule 20.1 of the
appellate rules. See Tex. R. App. P. 20.1.
4. Rule 37.3(c) of the rules of appellate procedure provides:


 If No Reporter's Record Filed Due to Appellant's Fault. Under the following circumstances,
and if the clerk's record has been filed, the appellate court may--after first giving the
appellant notice and a reasonable opportunity to cure--consider and decide those issues or
points that do not require a reporter's record for a decision. The court may do this if no
reporter's record has been filed because:

 

 (1) the appellant failed to request a reporter's record; or

 

 (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee to 
 prepare the reporter's record; and

 

 (B) the appellant is not entitled to proceed without payment of costs.


Id. at R. 37.3(c).
5. As part of his third issue, Williams references the Albe complaint and admits to the Commission's
allegations; however, he argues, in a conclusory fashion, that his transgressions in the Albe case should not
result in his disbarment. Regardless, Williams's admission, in and of itself, would likely be enough to support
disbarment because the trial court has broad discretion to determine whether an attorney guilty of professional
misconduct should be reprimanded, suspended, or disbarred and Williams has an extensive disciplinary
history. See Tex. Disciplinary R. Prof'l Conduct 3.10, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G
app A (Vernon 2007) (Tex. State Bar R. art. X, § 9) (providing that in determining the appropriate sanction
for attorney misconduct, a trial court must consider the nature and degree of the professional misconduct, the
seriousness of and circumstances surrounding the misconduct, the loss or damage to clients, the damage
to the profession, the assurance that those who seek legal services in the future will be insulated from the type
of misconduct found, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the
maintenance of respect for the legal profession, the trial of the case, and other relevant evidence concerning
the attorney's personal and professional background); State Bar of Tex. v. Kilpatrick, 874 S.W.2d 656, 659
(Tex. 1994) (holding that disbarment can be an appropriate sanction even for a single act of misconduct); see
also Favaloro v. Comm'n for Lawyer Discipline, 13 S.W.3d 831, 840-41 (Tex. App.-Dallas 2000, no pet.);
Butler v. Comm'n for Lawyer Discipline, 928 S.W.2d 659, 666 (Tex. App.-Corpus Christi 1996, no writ).