John A. ADAMS and Jane A. Adams,
Individually, and as Next Friends
of A.A., a Minor, Petitioners,

v.

YMCA OF SAN ANTONIO, d/b/a Ymca
of San Antonio and Hill Country,
Respondents.

No. 07–0221.

Supreme Court of Texas.

Sept. 26, 2008.

Pat Maloney Jr., Law Offices of Pat Maloney, P.C., Curtis L. Cukjati, Martin & Cukjati, L.L.P., and Thomas G. Kemmy, Law Offices of Thomas G. Kemmy, San Antonio, TX, for Petitioner. .

Nissa M. Dunn, Law Offices of Nissa Dunn, P.C., Richard W. Espey and Marcella Algarra, Davis, Cedillo & Mendoza, San Antonio, TX, for Respondent.

PER CURIAM.

Nine-year-old A.A. was sexually abused by his counselor while at summer camp, leading to this suit against the YMCA for negligently hiring, retaining, and supervising the perpetrator. The jury found that the abuse caused the child serious mental injury and awarded future, but no past, mental anguish damages. The trial court rendered judgment on the jury's award. The court of appeals reversed, however, concluding no evidence supported the jury's finding of future mental anguish. 220 S.W.3d at 1, 3. We hold that legally sufficient evidence supports the jury's award and reverse the court of appeals' judgment.

The YMCA of San Antonio owns and operates a children's summer camp, and hired Kenneth Trimble to be a camp counselor during the summers of 1998 and 1999. In the spring of 2000, Trimble was arrested and confessed to sexually inappropriate conduct with a number of the young campers, including A.A. Specifically, Trimble confessed to, in his words, "getting on top of [A.A.] & 'dry humping' him w/both our clothes on." A.A. did not reveal the incident to his parents, who learned about it as a result of Trimble's confession. A.A. subsequently described Trimble as "bumping [him] so hard" that A.A. feared he would fall out of the bed. A.A.'s parents, individually and as A.A.'s next friend, filed this negligence suit against the YMCA. The jury found in A.A.'s favor and apportioned responsibility 95% to Trimble and 5% to the YMCA. Finding that Trimble caused A.A. serious mental injury, the jury awarded $500,000 for mental anguish that A.A. would in reasonable probability sustain in the future but awarded no damages for mental anguish sustained in the past.

The YMCA challenged the jury's award on a number of grounds, contending A.A. failed to secure a necessary finding that a legally cognizable tort was committed, there was no evidence that Trimble's conduct was foreseeable, the evidence was legally and factually insufficient to support an award for future mental anguish, and the judgment should be modified to reflect the percentage of responsibility that the jury apportioned. The court of appeals reversed the trial court's judgment and rendered judgment in the YMCA's favor, concluding that the evidence supporting future mental anguish damages was legally insufficient and that a presumption as to future damages was unsupportable given the jury's failure to find compensable injury in the past. 220 S.W.3d at 4–6. We disagree.

We apply a traditional no-evidence standard to a mental anguish finding to determine whether the "record reveals any evidence of 'a high degree of mental pain and distress' that is 'more than mere worry, anxiety, vexation, embarrassment,

or anger.'" *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex.1995) (quoting *J.B. Custom Design & Bldg. v. Clawson*, 794 S.W.2d 38, 43 (Tex.App.-Houston [1st Dist.] 1990, no writ)). To support an award for future mental anguish, A.A.'s parents were required to demonstrate a reasonable probability that A.A. would suffer compensable mental anguish in the future. *See Fisher v. Coastal Transp. Co.*, 149 Tex. 224, 230 S.W.2d 522, 523–24 (1950). In reviewing the jury's finding, we consider whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex.2005). We consider all of the evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it. *Id.* at 822.

■ The evidence in this case showed that, when A.A.'s parents learned of Trimble's confession and asked A.A. about Trimble, A.A. became "hysterical almost," "went ballistic," and was "unconsolable." At his mother's suggestion, A.A. wrote a letter to Trimble to express his feelings. That letter reflects A.A.'s intense anger and resentment, and graphically demonstrates the profound impact that the incident had on him. A.A.'s grandfather testified that he witnessed A.A.'s fury and rage over the event, and described A.A.'s yelling as so "visceral" that it left a "lasting impression" on him. The jury also heard A.A.'s own testimony that he had a "vivid memory" of the night Trimble climbed into his bed, but that he had put it "in a vault."

According to the expert testimony presented at trial, A.A.'s reference to putting the incident "in a vault" meant that he is using denial as a temporary coping mechanism, which is a common response to child-

hood sexual abuse. A.A.'s experts testified to other short-and long-term effects that sexual abuse has on child victims, some of which A.A. exhibited, and they described what A.A. is "more than likely to face in the future" because of the incident. Short-term effects could be seen in the enormous emotional outpouring expressed in the letter A.A. wrote to Trimble. Another common effect that A.A. experienced was poor performance in school. A.A.'s math teacher reportedly engaged in inappropriate classroom behavior by snapping girls' bras and slapping male students on their backsides, which reminded A.A. of Trimble and caused "phobic anxiety" that led to his failing math. A.A.'s outbursts to his parents and grandfather further demonstrated the incident's more immediate traumatic effects.

There was also expert testimony that the trauma A.A. suffered will not simply disappear but will have to be processed in some manner when A.A. is ready, which may not happen for many years. In many cases where the victim "incapsulate[s]" the incident in a vault, as A.A. has in this case, there is an "enormous reaction" when that vault opens later in life. The evidence further showed that, while A.A. presently appeared to be functioning well, children who have been sexually abused are often not diagnosed with depression or anxiety until they are adults in their thirties, forties, and fifties.

The court of appeals appeared to acknowledge that the evidence would support a claim for past mental anguish, but concluded that the jury's denial of mental anguish in the past meant there was insufficient evidence of a compensable injury in the future. Based on the evidence presented, we disagree. The jury's failure to award damages for A.A.'s past mental anguish does not mean that they found no injury to A.A. in the past; to the contrary,

the jury specifically found that Trimble's conduct "cause[d] serious mental impairment or injury [to A.A.]." The jury's allocation of damages was entirely consistent with the testimony presented that A.A. was coping well by repressing his intense distress, which would inevitably surface in the future. We have recognized the consensus among experts that child victims of sexual abuse frequently repress and suppress memories and emotions associated with the event until their adult years. *See S.V. v. R. V.*, 933 S.W.2d 1, 8, 17 (Tex. 1996). The evidence of A.A.'s emotional outbursts and phobic anxiety, coupled with the expert testimony, supports a reasonable inference that an "enormous" reaction is likely when the "vault" of A.A.'s memory opens. Texas law permits jurors to make such a determination, and the trial court did not err in rendering judgment on their verdict.

We grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to that court for consideration of the YMCA's remaining issues. *See* TEX.R.APP. P. 59.1.