



# MEMORANDUM OPINION

No. 04-11-00352-CV

Gloria H. **MARIN**,
Appellant

v.

Dolores M. **HERRON**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 361871
Honorable Irene Rios, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  August 8, 2012

AFFIRMED

Gloria H. Marin appeals the judgment rendered against her on Dolores M. Herron's trespass and negligence claims. Marin contends the trial court erred by not granting a continuance. Marin also asserts the evidence is legally insufficient to support a finding of proximate cause and the damages awarded by the trial court. We affirm the trial court's judgment.

**BACKGROUND**

Marin and Herron each own townhomes that share a common wall. In April 2011, after extensive rain, Herron became aware that water had been leaking into her bedroom. Herron alleged that as a result of the water damage a mold infestation developed, which she claims caused her to suffer health problems. Herron contends the water intrusion was caused by the disrepair of certain areas of Marin's adjoining property.

Herron filed suit in justice court seeking damages in the amount of $10,000.00. On August 10, 2010, Keith Baker, Justice of the Peace, entered a judgment against Marin in the amount of $7,040.00, and Marin appealed the judgment to county court. The case was initially set for trial on January 6, 2011. Marin filed a written motion for continuance and the case was reset for January 27, 2011. On that date, Herron and her counsel appeared, but only Marin's attorney appeared. Marin's attorney announced not ready; however, the case proceeded to a trial to the bench. The trial court entered a judgment awarding Herron $14,040.00 in damages. No findings of fact or conclusions of law were requested or filed.

**DISCUSSION**

*Continuance*

Marin contends the trial court erred in denying her a continuance of the January 27, 2011 trial setting. In her brief, Marin states she was not given notice of the "final hearing and was not present to defend herself at trial." She asserts her counsel was not aware she was not given notice. Marin contends her counsel "requested a continuance which was immediately denied by the presiding judge before the start of trial." However, there is no written motion to continue the second trial setting in the record or referenced on the docket sheet.

"The granting or denial of a motion for continuance is within the discretion of the trial court and will not be reversed unless the record shows a clear abuse of discretion." *Higginbotham v. Collateral Prot., Inc.*, 859 S.W.2d 487, 490 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988)). "In deciding whether a trial court abused its discretion, the appellate court does not substitute its judgment for that of the trial court, but only decides whether the trial court's action was arbitrary and unreasonable." *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986) (citing *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649 (Tex. 1970)).

Texas Rule of Civil Procedure 251 provides: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. An oral request for a continuance, unsupported by an affidavit or the opposing party's consent, does not satisfy the requisites of Rule 251. *See* TEX. R. CIV. P. 251; *Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 838 (Tex. App.—Dallas 2000, no pet.). "When the provisions of Rule 251 have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance." *Phifer v. Nacogdoches Cnty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 173 (Tex. App.—Tyler 2000, pet. denied); *Favaloro*, 13 S.W.3d at 838.

Marin's counsel did not file a motion for continuance of the January 27, 2011 trial setting. The only indication that Marin requested a continuance of that setting is the following statement by her counsel to the trial judge: "the defendant is not ready, but that motion has been overruled by Judge Rodriguez [the presiding judge]." There is no further discussion or explanation regarding a request for a continuance before the bench trial began. In light of the record before us, the trial court did not abuse its discretion in not continuing the case. *See*

*Dempsey v. Dempsey*, 227 S.W.3d 771, 776 (Tex. App.—El Paso 2005, no pet.); *Phifer*, 45 S.W.3d at 173; *Favaloro*, 13 S.W.3d at 838.

## SUFFICIENCY OF THE EVIDENCE

### *Standard of Review*

Under the legal sufficiency standard of review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference to support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* at 827. If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). "[M]ore than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706 (Tex. 1997), *cert. denied,* 523 U.S. 1119 (1998)).

When no findings of facts and conclusions of law are requested or filed, it is implied that the trial court made all the findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Toles v. Toles*, 45 S.W.3d 252, 264 (Tex. App.—Dallas 2001, pet. denied). "In determining whether some evidence supports the judgment and the implied findings of fact, 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'" *Worford*, 801 S.W.2d at 109 (quoting *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (Tex. 1950)). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Id.*

*Proximate Cause*

Marin contends there is legally insufficient evidence to show that damage to the soffit[1] under Marin's roof was the proximate cause of the rain entering and flowing into Herron's bedroom. Marin also argues that it was not foreseeable that the hole would cause or did cause damage.

Proximate cause consists of cause-in-fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). Cause-in-fact means the act or omission was a substantial factor in precipitating the injury and without it harm would not have occurred. *City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex. 1987). Foreseeability means a person of ordinary intelligence should have anticipated the danger his negligent act or omission created for others. *Travis*, 830 S.W.2d at 98.

The evidence demonstrates Herron and Marin live in townhomes that share a common wall. Herron testified that in February 2010, she noticed the soffit under the roof of Marin's property immediately adjacent to Herron's bedroom wall was starting to sag and fall. She testified that at that time she did not "consider" whether rain could go through the area. Herron testified that on the night of April 17, 2010, there was a "terrific rainstorm," which started that night and carried through until the next day. She testified she was asleep in bed and water started dripping on her bed.

Herron identified plaintiff's exhibit 5 as a photograph of the sagging soffit, and testified her bedroom was adjacent to that area. Although Marin only refers to a "hole" in the soffit in her brief, exhibit 5 shows a large gaping area where a piece of the material making up the soffit is

---

[1] A soffit is defined as "the underside of an architectural feature, as a beam, arch, ceiling, vault, or cornice." *Dictionary.com Unabridged*. Random House, Inc., http://dictionary.reference.com/browse/soffit (accessed: July 03, 2012). It covers the underside of the roof overhang and the opening between the roof and the joists.

hanging at its installed location. Herron also testified the soffit actually fell completely off before the April 17th rainstorm.

Herron testified she could tell by the area affected in her home that the water came in through the opening in the soffit. She said two professional roofers and two adjusters inspected the roof, and from her meeting with them she concluded the rain came in through the soffit opening. Herron also testified her opinions were based on her experience working in property management and that she "did actually do the type of work that it would take to repair a house." Herron testified that the initial water damage was confined to the corner of her interior wall adjacent to the damaged soffit. She could see the wall in her bedroom "staining" as the rainwater ran down the wall adjacent to the missing soffit. She testified that she suffered considerable damage because the leaked water eventually penetrated through the sheetrock, was absorbed into the insulation, and traveled into the ceiling and closet. Herron testified that as a result of the water intrusion, mold developed in her bedroom. She identified several photographs admitted into evidence as depicting the mold growth. Herron also testified Marin's property had been inspected by a representative from Bexar County. Herron's exhibit 2, a report prepared by the Bexar County Infrastructure Services Department, stated that Marin's property was a public nuisance and that the inspector found an outer opening, allowing rain to enter and flow to the adjacent townhouse.

Marin contends Herron's testimony is legally insufficient to support a finding of proximate cause because Herron did not climb a ladder and inspect the soffit or go onto the roof of her townhome. Marin also argues Herron's testimony is no evidence of proximate cause because she is not an expert. We disagree. A lay witness may testify to opinions "which are 1) rationally based on the perception of the witness and 2) helpful to an understanding of his

testimony or a determination of the fact at issue." *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 464–65 (Tex. 1992); *see* TEX. R. EVID. 701. "Lay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984) (citing *Lenger v. Physician's Gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970)). "Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Id*. Herron's testimony is proper lay opinion testimony and is based on her observations and experience.

Marin contends the County report, exhibit 2, should not be considered and does not establish proximate cause. Marin attempts to discredit the content of the report by arguing there is no evidence the statements in the report were made by the inspector because the report was signed by someone other than the inspector. Marin also asserts the report does not establish the inspector's qualifications to render an expert opinion regarding the cause or source of the water leaks in Herron's bedroom. However, Marin stipulated to the admissibility of the report. Although Marin may argue the report is not evidence of proximate cause, she cannot now complain about the inspector's qualifications or that the report was written or signed by someone other than the inspector. An objection as to the qualifications of a witness to provide an opinion must be raised in the trial court in order to preserve error. *See Adams v. State Farm Mut. Auto. Ins. Co.*, 264 S.W.3d 424, 429 (Tex. App.—Dallas 2008, pet. denied) ("An objection to an expert's qualifications must be raised in the trial court in order to preserve error."); *Sparks v. Booth*, 232 S.W.3d 853, 863 (Tex. App.—Dallas 2007, no pet.) ("A party must make a timely objection to an expert's qualifications to preserve for appeal his contention that the expert was

unqualified."); *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 74 n. 4 (Tex. App.—San Antonio 2007, pet. denied). Likewise, Marin's complaint that the report was not written by the inspector is waived because she did not object to the admission of the report on the ground that it was not based on personal knowledge. *See Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 433 (Tex. App.—San Antonio 1993, writ denied) (failure to object to affidavit on the ground that it does not show personal knowledge results in waiver of the complaint) (citing *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (failure to object to the form of the affidavit on the ground that it does not show personal knowledge results in waiver of the complaint.)).

In addition to Marin's complaints regarding the inspector's qualifications and the report not being based on personal knowledge, Marin argues the one statement in the report, regarding an outer opening that allowed rain to enter the adjacent townhouse, is insufficient to show how the rain water entered through the damaged soffit. Marin also argues the report does not include any personal notes or pictures attached to support a conclusion that any inspection took place. Marin asserts the report is not evidence of proximate cause because it does not include a description of an inspection of the damaged soffit or an explanation of how the lack of the soffit caused the damage to Herron's property. Marin contends exhibit 2 is not credible because it does not state that the inspector or any other person personally inspected the soffit or the roof to determine the source of the leak. Marin claims it can be inferred the statement in the report is merely a recitation of the language in Herron's complaint to the county.[2] However, the report speaks for itself. The report states that an inspection took place and the inspector found an outer opening that allowed water to flow into Herron's property. Marin ignores the legal sufficiency

---

[2] Marin also relies on her testimony and her expert's testimony at the hearing on the motion for new trial to further discredit the report. However, only the evidence admitted at trial is considered in a legal sufficiency review. *See City of Keller*, 168 S.W.3d at 822.

standard of review. As a reviewing court, we must consider the evidence in the light most favorable to the verdict, and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d 822. We assume the trier of fact credited evidence favorable to the verdict and disbelieved evidence contrary to it. *Id*. at 833.

Marin also contends the damage to Herron's bedroom was not foreseeable since the soffit faces toward the ground. Marin argues "it is impossible for rain water fall down off the roof and then flow upward into the hole." Whether an injury or damage is foreseeable "involves a practical inquiry based on 'common experience applied to human conduct.'" *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998) (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) and *City of Gladewater*, 727 S.W.2d at 517.). "Foreseeability does not require an actor to anticipate the precise manner in which the injury will occur; instead, the injury need only be of a general character that the actor might reasonably anticipate." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). Foreseeability can be established by circumstantial evidence. *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980).

Herron's testimony establishes the soffit had completely fallen off in an area immediately adjacent to where water entered her bedroom. Herron testified that beginning on the April 17th and continuing to the 18th there was a "terrific rainstorm." She testified that during this time period water began to flow into her bedroom. Herron stated two adjusters and two professional roofers inspected the roof and she concluded from her meeting with them there were no leaks in the roof and the water came in through the soffit. Based on this testimony, the report from the County, the proximity of the water damage to the missing soffit, and the absence of any other explanation for the cause of the damage, it is a reasonable inference that rain water could enter

through the opening in the soffit and cause damage to the adjacent property. It is not outside the common experience to note that high winds often accompany rainstorms, and rainwater may be blown into openings by the wind.

Marin also asserts that because Herron testified that she was not aware that rain could come through the hole and cause damage, it was not foreseeable to Marin that rain could enter through the soffit. This argument misstates the testimony. Herron testified that when she noticed the sagging soffit "she didn't even consider" whether rain water could enter through the gaping soffit. She did not testify that it was not foreseeable.

Because there are no findings of fact, we imply that the trial court made the necessary findings of cause-in-fact and foreseeability to support its judgment. *See Worford*, 801 S.W.2d at 109. Herron's testimony and exhibits provided a logical connection between the missing soffit and the water damage to her townhome. Herron testified not only to the sequence of events, but also testified she had experience with home repair. Viewing all of the evidence in a light most favorable to the trial court's implied finding on causation and indulging every reasonable inference to support it, we hold there is at least a scintilla of evidence on proximate cause. *See City of Keller*, 168 S.W.3d at 822.

### *Damages*

Marin contends the evidence is legally insufficient to support the $14,040.00 damage award. Herron sought recovery of the cost to repair her townhome. Herron introduced into evidence an estimate that provided the cost of repairs would be $7,040.00. Marin's counsel stipulated "the services described in [the estimate] are reasonable and necessary to repair the damages in this case."

Herron also presented evidence of mental anguish.[3] The determination of a fair and reasonable compensation for mental anguish is left to the discretion of the trier of fact. *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996). "In reviewing the jury's finding, we consider whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not." *Adams v. YMCA of San Antonio*, 265 S.W.3d 915, 917 (Tex. 2008). "[M]ental anguish awards will pass a legal sufficiency review if evidence is presented describing 'the nature, duration, and severity of [the plaintiff's] mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine.'" *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 797 (Tex. 2006) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)).

Herron testified the damage to her home had an effect on her health and has caused her anxiety. Herron stated she has lost sleep, has a loss of appetite and stomach problems, which include diarrhea and vomiting. She testified her energy level is low, she is anxious, and has "bouts of depression" because of the mold in her home. Herron also testified that due to the damage in her bedroom she now sleeps on the couch in the family room, which she stated is very uncomfortable.

We conclude Herron's testimony is some evidence of compensable mental anguish. *See, e.g., Fifth Club, Inc.*, 196 S.W.3d at 797–98(holding plaintiff's testimony he was depressed, humiliated, non-communicative, unable to sleep, angry, and suffered from headaches and nightmares and that his daily activities and family relationships were detrimentally affected was legally sufficient evidence to support $20,000.00 mental anguish award); *Bunton v.Bentley*, 153

---

[3] Although Herron did not specifically plead for mental anguish, under her negligence claim she pled for "damages caused by Marin's negligence." Marin did not file special exceptions, nor did she object to Herron's testimony regarding her mental anguish.

S.W.3d 50, 53 (Tex. 2004) (evidence the plaintiff was deprived of sleep, the experience caused him embarrassment in the community, disrupted his family life, and distressed his children at school and testimony the plaintiff had been depressed, his honor and integrity had been impugned, and his family had suffered, was legally sufficient to support $150,000.00 mental anguish award); *Latham v. Castillo*, 972 S.W.2d 66, 70 (Tex. 1998) (holding evidence that defendant's conduct made one plaintiff throw up, "[s]ick, nervous, mad[,]" "hurt [him] a lot[,]" and broke other plaintiff's heart, and left her "devastated" and feeling "physically ill" was some evidence of a high degree of mental pain and distress.).

There was evidence that the repair costs for the damage to Herron's property would be $7040.00. Because there are no findings of fact, we infer the remaining $7000.00 in damages was compensation for Herron's mental anguish. Accordingly, we hold the evidence is legally sufficient to support the judgment of damages in the amount of $14,040.00.

## MOTION FOR NEW TRIAL

Marin contends the trial court abused its discretion in denying her motion for new trial. The grounds for new trial were the denial of the motion for continuance and the sufficiency of the evidence concerning proximate cause and the damage award. However, because we have found against Marin on these issues, the trial court did not abuse its discretion in denying the motion for new trial.

Accordingly, we affirm the trial court's judgment.

Steven C. Hilbig, Justice