# NO. 12-12-00232-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JANIE MANNING,* <br> *APPELLANT/CROSS-APPELLEE* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *BRYAN GOLDEN AND GOLDEN* <br> *RESTORATION AND FLOOR CARE,* <br> *APPELLEES/CROSS-APPELLANTS,* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Janie Manning appeals the judgment of the trial court awarding her $67,152.61. In four issues, she challenges the factual sufficiency of the evidence supporting the jury's verdict on various elements of damages. We affirm.

## BACKGROUND

Manning and Bryan Golden were involved in an automobile collision. Manning filed suit against Golden and Golden Restoration and Floor Care. At trial, the parties disputed the events that brought about the collision, although Golden ultimately stipulated that he was negligent and caused the crash. The trial primarily concerned Manning's damages.

As a result of the accident, Manning suffered injuries, including broken ribs, a punctured lung and pneumothorax requiring the insertion of a chest tube, a broken nose, and facial lacerations, as well as bruises and contusions over large portions of her body. She also had pain in her left shoulder. Her injuries required a seven day stay at the hospital.

After leaving the hospital, Manning went to Dr. Ton Ha, a chiropractor in Houston, for treatment. Dr. Ha saw Manning for approximately ten sessions and treated pain in Manning's neck and back with moist heat, electrical stimulation, ultrasound, and massage. In addition, he instructed her to perform stretches and exercises for her shoulder. Manning also went to Dr. Ben

Echols, who conducted an MRI on her left shoulder, and was concerned that Manning might have an injury to her labrum. Based on the results, Dr. Echols referred Manning to Dr. Kenneth Berliner, an orthopedic surgeon. Dr. Berliner concluded that Manning likely suffered a labral tear in her left shoulder (a SLAP tear), and recommended arthroscopic surgery to repair it.

Dr. Merritt Pember, another orthopedic surgeon, also examined Manning to provide a second opinion of Dr. Berliner's assessment and findings. He concluded that Manning likely had a shoulder impingement and probably a SLAP tear. He concluded further that surgery might not be necessary, because physical therapy is the first line of treatment, and therapy can sufficiently remedy these types of injuries in most people.

Finally, Manning went to Dr. James Buckingham, a psychiatrist. He examined Manning and believed that she sustained posttraumatic stress disorder (PTSD) as a result of the accident.

At the time of her accident, Manning worked at Pilgrim's Pride, a poultry processing facility, and separately, had part time employment cleaning the home of a nearby neighbor. The collision occurred after she left her part time job and was returning home. Manning was off work for approximately six weeks after the accident. She returned to work at Pilgrim's Pride, but was eventually terminated. The reason for her termination was disputed at trial. Manning claims that she was terminated because the accident rendered her unable to perform her duties adequately. Golden argued that Manning lost her job due to chronic absenteeism unrelated to her injuries. In any event, after her termination from Pilgrim's Pride, she obtained employment at Tyson Foods, performing the same type of work.

The jury awarded Manning damages as follows: (1) $9,302.61 for past medical expenses and $10,000.00 for future medical expenses; (2) $2,850.00 for lost earnings in the past, $0.00 for future lost earnings; (3) $40,000.00 in physical pain and mental anguish sustained in the past and $5,000.00 for future physical pain and mental anguish; and (4) $0.00 for physical impairment sustained in the past and future. Excluding interest and court costs, the total judgment was in the amount of $67,152.61. This appeal followed.[1]

---

[1] Golden filed a conditional cross appeal, in which he contends that in the event we sustain any of Manning's issues, the trial court abused its discretion in disallowing his evidence that Manning was not wearing her seat belt at the time of the crash and its impact on her damages. Since we affirm the judgment of the trial court, we need not analyze this issue. *See* TEX. R. APP. 47.1.

<u>**F**ACTUAL **S**UFFICIENCY OF THE **E**VIDENCE</u>

In her first issue, Manning contends that the award of $10,000.00 for future medical expenses is insufficient.[2]  In her second issue, she contends the award for past lost wages in the amount of $2,850.00 and the $0.00 award for lost wages that she will in reasonable probability sustain in the future is insufficient.  In her third issue, Manning argues that the jury's award of $0.00 for past and future physical impairment is insufficient.  Finally, in her fourth issue, Manning asserts that the award for past physical pain and mental anguish in the amount of $40,000.00 is inadequate, as well as the $5,000.00 award for future physical pain and mental anguish.  Because these issues are factual sufficiency challenges to the damages award, we address them together.

**Standard of Review**

In a factual sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding.  *See* *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998).  When a party attacks the factual sufficiency of an adverse finding for which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

We may not substitute our own judgment for that of the trier of fact, pass upon the credibility of the witnesses, or decide how much weight should be given to their testimony.  *See* *Ellis*, 971 S.W.2d at 407.  The jury may believe one witness and disbelieve another and it may resolve any inconsistencies in any witness's testimony.  *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

In this appeal, none of the parties challenge the wording of the jury questions at issue or accompanying instructions, so we will measure sufficiency of the evidence against the questions as submitted.  *See* *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000); *Texas First Nat'l Bank v. Ng*, 167 S.W.3d 842, 855–56 (Tex. App.—Houston [14th Dist.] 2005, pet. granted, judgm't vacated w.r.m.).  The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment.  *GTE Mobilnet of S. Tex. L.P. v. Pascouet*, 61 S.W.3d 599, 616 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  The jury generally has great discretion in considering evidence on the issue of damages.  *McGalliard*, 722 S.W.2d at 697; *Lanier v. E.*

---

[2] Manning does not challenge the award for past medical expenses.

*Foundations, Inc.*, 401 S.W.3d 445, 455 (Tex. App.—Dallas 2013, no pet.). As a general principle, we need to remain mindful that the amount of damages awarded is uniquely within the jury's discretion. *Mo. Pac. R.R. Co. v. Roberson*, 25 S.W.3d 251, 257 (Tex. App.—Beaumont 2000, no pet.).

## Future Medical Expenses and Past Lost Wages

In her first issue, and part of her second issue, Manning challenges the jury's award of $10,000.00 for future medical expenses and $2,850.00 for lost earnings in the past.

To preserve a complaint concerning the factual sufficiency of the evidence or that a jury finding is against the overwhelming weight of the evidence, a party must present that specific complaint to the trial court in a motion for new trial. TEX. R. CIV. P. 324(b)(2), (3); *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991). In addition, the issues raised in the motion for new trial must be described in such a way that the complaint can be clearly identified and understood by the court. TEX. R. CIV. P. 321, 322; *Basic Energy Serv., Inc. v. D-S-B Properties, Inc.*, 367 S.W.3d 254, 263 (Tex. App.—Tyler 2011, no pet.).

Manning filed a motion for new trial. In the motion, she inserted the jury's findings on each element of damages, exactly as they appeared in the jury charge. Each element of damages was separated and prefaced with a unique letter identifier. Then, Manning specifically listed which elements of damages she challenged in the motion by each unique letter identifier. Manning omitted the unique letter identifiers for future medical expenses and lost wages in her motion for new trial, and did not otherwise make any argument or cite any authority that showed she challenged the jury's award on those elements of damages. However, as part of this appeal, she attempts to raise a challenge to the factual sufficiency of the evidence on those two damage elements. Since she did not raise the issue in her motion for new trial, Manning has waived any challenge to the jury's findings on those two elements of damages.

Manning's first issue and the part of her second issue relating to past lost wages are overruled.

## Lost Earning Capacity

In the remaining portion of her second issue, Manning contends that the jury award of $0.00 for "lost earnings that in reasonable probability will be sustained in the future" is factually insufficient.

4

Lost wages refers to the actual loss of income due to an inability to perform a specific job from the time of injury to the time of trial. *Koko Motel, Inc. v. Mayo*, 91 S.W.3d 41, 51 (Tex. App.—Amarillo 2002, pet. denied). On the other hand, lost earning capacity is an assessment of what the plaintiff's capacity to earn a livelihood actually was and the extent to which that capacity was impaired by the injury. *Id.* Both forms of lost earning capacity are measured not by what a person actually earned before an injury, but by what the person's capacity to earn was, even if she had never worked in that capacity in the past. *Gen. Motors Corp. v. Burry*, 203 S.W.3d 514, 553 (Tex. App.—Fort Worth 2006, pet. denied). Because calculating the extent of impairment constitutes an exercise in uncertainty, the assessment of lost earning capacity is left to the discretion of the jury so long as there is reasonably certain evidence to support the jury's exercise of that discretion. *Scott's Marina at Lake Grapevine Ltd. v. Brown*, 365 S.W.3d 146, 159 (Tex. App.—Amarillo 2012, pet. denied).

Manning contends that she will need surgery to repair her shoulder after trial, and that she will be absent from work. By the time of trial, Manning obtained similar employment at Tyson Foods after she was terminated at Pilgrim's Pride. She argues that the jury should have awarded her damages for the wages she will lose while recovering from the surgery due to her absence from work at Tyson Foods.

Manning necessarily argues that surgery was required to resolve her shoulder condition. Dr. Berliner, who did not testify at trial in person or by deposition, stated in his notes that he believed surgery would be necessary to correct Manning's shoulder impingement and SLAP tear. Dr. Pember, the doctor who provided most of the testimony on this issue at trial, stated that he believed Manning likely had a shoulder impingement, and that it was possible that she had a labrum tear. However, he testified that surgery might not be necessary, and that these injuries can resolve with therapy, or at least become asymptomatic, in up to eighty percent of the population with these types of injuries. Also, he stated that physical therapy should be the first option for treatment and that it can often resolve the issue without the need for invasive surgery. Dr. Pember examined Manning and determined that her left shoulder was structurally intact, possessed full strength, and maintained full neurological function.

Prior to her examination by Dr. Pember, Manning visited Dr. Ha, a chiropractor. But the record does not establish that the treatment Manning underwent at Dr. Ha's office is the type of therapy needed to resolve her shoulder injuries. Nor does the record show that she underwent

5

therapy for a sufficient duration in order to determine whether therapy would successfully resolve her condition. In fact, Manning testified that she listened to Dr. Pember's testimony, agreed that she did not undergo that specific type of therapy, and that she would be willing to do so in order to resolve her shoulder pain. Manning also testified that her pain had lessened over time, was managed by over the counter pain medications, and that most of her injuries have healed.

The jury could have decided that surgery was not reasonably necessary, especially since Manning was doing the same type of work at a rival company at the time of trial. Consequently, without showing the need for surgery, Manning did not show that she would have lost time from work in the future. Therefore, we cannot conclude that the jury's award is so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust.

Manning's second issue is overruled.

## Past and Future Mental Anguish and Physical Pain and Suffering

In her fourth issue, Manning challenges the factual sufficiency of the evidence to support the jury's award of $40,000.00 in physical pain and mental anguish sustained in the past and $5,000.00 for future physical pain and mental anguish.

Damages fall within two broad categories when someone suffers personal injuries, "economic and non-economic damages." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 763 (Tex. 2003). "Traditionally, economic damages are those that compensate an injured party for lost wages, lost earning capacity, and medical expenses." *Id.* And "[n]on-economic damages include compensation for pain, suffering, mental anguish, and disfigurement." *Id.* Moreover, "[t]he process of awarding damages for amorphous, discretionary injuries such as mental anguish or pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss." *HCRA of Tex., Inc. v. Johnston*, 178 S.W.3d 861, 871 (Tex. App.—Fort Worth 2005, no pet.). When the existence of some pain and mental anguish has been established, "there is no objective way to measure the adequacy of the amount awarded as compensation, which is generally left to the discretion of the fact finder." *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 80 (Tex. App.—Corpus Christi 1992, writ denied).

Physical pain and suffering may be established by circumstantial evidence. *Johnston*, 178 S.W.3d at 871. "The duration of the pain . . . is an important consideration." *Id.* The fact finder "is given a great deal of discretion in awarding an amount of damages it deems appropriate for pain and suffering." *Id.*

6

To support an award of mental anguish damages, the plaintiff's evidence must describe "the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiff['s] daily routine." *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 797 (Tex. 2006) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)). The Texas Supreme Court has held that "some types of disturbing or shocking injuries have been found sufficient to support an inference that the injury was accompanied by mental anguish." *Parkway*, 901 S.W.2d at 445. For example, as early as 1888, the court recognized that serious bodily injury "involving fractures, dislocations, etc., and results in protracted disability and confinement to bed" necessarily resulted in some degree of physical and mental suffering. *See Brown v. Sullivan*, 10 S.W. 288, 290 (Tex. 1888). Furthermore, to support an award for future mental anguish, a plaintiff must demonstrate "a reasonable probability" that she will "suffer compensable mental anguish in the future." *Adams v. YMCA of San Antonio*, 265 S.W.3d 915, 917 (Tex. 2008).

In the instant case, we note that the court's charge to the jury combined physical pain and mental anguish as one category of damages. Since there are not separate findings as to each of these distinct elements of damages, Manning is limited to challenging the sufficiency of the evidence on these damage elements as a whole. *Scott's Marina at Lake Grapevine Ltd.*, 365 at 161.

Manning suffered significant physical injuries, including broken ribs, a punctured lung and pneumothorax requiring the insertion of a chest tube, a broken nose, and facial lacerations, as well as bruises and contusions over large portions of her body. As we have mentioned, she also suffered a shoulder injury. Undoubtedly, she was in significant physical pain. Also, Dr. Buckingham testified that Manning had PTSD as a result of the accident. The jury awarded Manning $40,000.00 for her past physical pain and mental anguish, and was in a unique position to decide the amount to award Manning. We see no reason to disturb the jury's discretion in this regard.

With respect to future physical pain and mental anguish, Manning testified that most of her injuries have healed, and that the pain from her remaining injury, the injury to her left shoulder, is managed by over the counter pain medications. Dr. Buckingham testified that $5,000.00 would reasonably cover the expense of future therapy sessions conducted by a Master's Degree level therapist, which would be the type of therapist that would likely treat her PTSD. The jury

7

awarded exactly $5,000.00 for future pain and mental anguish, which was a reasonable conclusion based on the evidence.

Manning's fourth issue is overruled.

## Past and Future Physical Impairment

In her third issue, Manning alleges that the jury award of $0.00 for physical impairment sustained in the past and future is against the great weight and preponderance of the evidence.

"Physical impairment, sometimes called loss of enjoyment of life, encompasses the loss of the injured party's former lifestyle." **Gen. Motors Corp. v. Burry**, 203 S.W.3d 514, 554 (Tex. App.—Fort Worth 2006, pet. denied); *see **Doctor v. Pardue***, 186 S.W.3d 4, 18 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (quoting **Golden Eagle Archery, Inc.**, 116 S.W.3d at 772). "[L]oss of enjoyment of life fits best among the factors a factfinder may consider in assessing damages for physical impairment. Indeed, if other elements such as pain, suffering, mental anguish, and disfigurement are submitted, there is little left for which to compensate under the category of physical impairment other than loss of enjoyment of life." **Golden Eagle Archery, Inc.**, 116 S.W.3d at 772. A plaintiff generally must show that her physical impairment damages are substantial and extend beyond any pain, suffering, mental anguish, lost wages, or diminished earning capacity. **Burry**, 203 S.W.3d at 555; *see **Golden Eagle Archery, Inc.***, 116 S.W.3d at 772 (indicating that it would be "appropriate to advise the jury [by instruction] that it may consider as a factor loss of enjoyment of life. But the jury should be instructed that the effect of any physical impairment must be substantial and extend beyond any pain, suffering, mental anguish, lost wages or diminished earning capacity and that a claimant should not be compensated more than once for the same elements of loss or injury.").

In this case, "physical impairment" was undefined, and the relevant instruction was that the jury "[c]onsider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element." During deliberations, the jury sent a note to the trial court asking for a definition of the term. The trial court replied that the term is undefined and that the jury members should use their common understanding of the term. The jury awarded $0.00.

Manning recovered damages for mental anguish and pain and suffering. Under these circumstances, any impairment award would serve as compensation for her loss of enjoyment of life. Manning argues that she suffered from a loss of enjoyment of life while she was bedridden in

the hospital; that she was unable to walk, bathe herself, or handle her young son for a period of time after she was discharged from the hospital; and that she had difficulty combing her hair, sleeping, standing, lifting, bending and preparing meals for her family.  This evidence came primarily from Manning's own testimony.

The parties dispute whether damages may be awarded for temporary impairment.  *See, e.g., Patlyek v. Brittain*, 149 S.W.3d 781, 787 (Tex. App.—Austin 2004, pet. denied) (citing *Golden Eagle Archery, Inc.*, 116 S.W.3d at 765-66).  They also dispute the type of activities that a person such as Manning must no longer be able to enjoy in order for the loss of enjoyment to be compensable as impairment under the law.  *See id.*

Irrespective of the parties' disagreements on these issues, the jury could have reasonably disbelieved Manning's testimony that she suffered from impairment, because she admitted to not fully telling the truth with respect to other allegations.  For instance, she initially alleged that Golden appeared to have intentionally caused the accident, that the force of the impact caused her car to roll over, that she had been burned as a result of the accident, and that there were children in the car at the time of the accident.  She later retracted those statements.

Finally, even if the jury believed her testimony, it could have determined based on the evidence that any impairment Manning suffered was not substantial and worthy of compensation beyond the other damages it awarded her.  *See Burry*, 203 S.W.3d at 555; *see also Golden Eagle Archery, Inc.*, 116 S.W.3d at 772 (stating that the impairment must be substantial and extend beyond the other compensable injuries awarded by the jury).  On the record before us, we cannot conclude that the award of $0.00 for past and future physical impairment was so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust.

Manning's third issue is overruled.


### DISPOSITION

Having overruled Manning's four issues, we ***affirm*** the trial court's judgment.


**BRIAN HOYLE**
Justice

Opinion delivered February 28, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2014**

**NO. 12-12-00232-CV**

**JANIE MANNING, APPELLANT/CROSS-APPELLEE,**
Appellant
V.
**BRYAN GOLDEN AND GOLDEN RESTORATION AND FLOOR CARE,
APPELLEES/CROSS-APPELLANTS,**
Appellee

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. CV-42702-09-11)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant/cross-appellee, **JANIE MANNING**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*