**AFFIRMED and Opinion Filed January 23, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00083-CV

**LUIS CEDACERO-GUAMANCELA, Appellant**
**V.**
**ALFONSO SUSTAITA-SALAZAR, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-08442**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Whitehill

This case arises from a car accident involving Louis Cedacero-Guamancela (appellant) and Alfonso Sustaita-Salazar (appellee). Following a bench trial, the trial court found that appellant was eighty per cent responsible and appellee was twenty per cent responsible for the accident and awarded appellee damages accordingly.

In three issues, appellant contends that (i) the trial court abused its discretion in finding appellant eighty per cent responsible for the accident when at the time of the accident appellee's blood alcohol content exceeded twice the legal limit and appellee was speeding; (ii) the evidence is insufficient to support the $6,000 lost earning capacity award; and (iii) the evidence is insufficient to support the $5,000 future pain and mental anguish award. In a cross-point, appellee requests that appellant be sanctioned for a frivolous appeal.

As discussed below, we conclude that the evidence is legally and factually sufficient to support the trial court's implied findings and that this case does not merit sanctions for a frivolous appeal. We thus affirm the trial court's judgment.

## I. BACKGROUND

Appellant's and appellee's vehicles collided after appellant failed to yield the right of way at a stop sign at an intersection where appellant was attempting to drive across Webb Chapel Road in Dallas. Appellee suffered a broken knee cap and arm and sued appellant for negligence. Appellant answered and asserted comparative fault as an affirmative defense.

After a bench trial where the parties stipulated to appellee's medical bills and lost wages, the trial court determined that appellant was eighty percent responsible for the accident and appellee was twenty percent responsible. After factoring in appellee's twenty percent responsibility, the trial court awarded appellee $78,059.50 in damages, plus interest and court costs. These damages include $6,000 for lost earning capacity and $5,000 for future pain mental anguish. Appellant timely appeals from this judgment.

The trial court did not enter findings of fact and conclusions of law, and appellant does not contend that the trial court erred by not doing so.

## II. STANDARDS OF REVIEW

To successfully challenge the legal sufficiency of an adverse finding on which it bore the burden of proof, a party must show that the evidence conclusively proves as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curium). In reviewing a "matter-of-law" challenge, we first examine the record for evidence that supports the adverse finding, crediting favorable evidence if a reasonable fact-finder could, while disregarding all evidence to the contrary, unless a reasonable fact-finder could not. *Id.* Anything more than a scintilla of evidence is legally sufficient to support the finding. *City of Fort*

*Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex. 2000). Only if there is no evidence to support the adverse finding do we then examine the entire record to determine whether the contrary proposition is established as a matter of law. *Brandt Companies, LLC v. Beard Process Solutions, Inc.*, No. 05-17-00780-CV, 2018 WL 4103210, at \*9 (Tex. App.—Dallas Aug. 29, 2018, no pet. h.) (mem. op.). The issue will be sustained only if the contrary proposition is conclusively established. *Id.*

When a party challenges the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, the factual-sufficiency challenge will be sustained only if the trial court's findings are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The fact finder is the sole judge of the witness' credibility, and may choose to believe one witness over another, and a reviewing court may not impose its own opinion to the contrary. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W. 3d 757, 761 (Tex. 2003). When conducting a factual-sufficiency review, we must consider all the evidence in the record. *Dow Chem. Co.*, 46 S.W.3d at 242.

In a bench trial in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011). If a party challenges the sufficiency of the evidence to support these implied findings, we apply the same standard of review as in examining jury findings or a trial court's express findings. *See Roberson v. Roberson*, 768 S.W.2d 280, 281 (Tex. 1989).

We must affirm the judgment if it can be upheld on any legal theory supported by the record. *Rosemond,* 331 S.W.3d at 767.

## III. ANALYSIS

### A. First Issue: Was there legally and factually sufficient evidence supporting trial court's responsibility apportionment?

Appellant's first issue argues that the trial "abused its discretion" by not finding appellee at least fifty per cent responsible for the accident despite (i) blood test evidence showing that roughly an hour after the accident appellee had a blood alcohol content more than twice the legal limit and (ii) appellee's admission that he was driving five to ten miles an hour over the thirty-five mile per hour speed limit. We understand appellant's issue to challenge both the legal and factual sufficiency of the evidence supporting the apportionment finding. Our standard of review depends on whether appellant had the burden of proof on the challenged issue.

The trial court's comparative responsibility determination resulted from appellant's comparative responsibility (contributory negligence) defense. Under Texas law, "[t]he standards and tests for determining contributory negligence ordinarily are the same as those for determining negligence," and the party raising the defense has the burden to prove it by a preponderance of the evidence." *See McDonald v. Dankworth*, 212 S.W.3d 336, 340 (Tex. App.—Austin 2006, no writ). Therefore, appellant's challenge concerns an issue on which he had the burden of proof.

Appellant admitted that he failed to yield the right of way to appellee at an intersection where appellant had a stop sign and appellee had no traffic control devices. Appellant also testified that he looked both ways and didn't see any cars. He did not see appellee's vehicle until it hit him. He did not, however, testify to any obstructions that prevented his seeing appellee's car. Nor did any other witness testify about an obstruction.

The right front quarter of appellee's truck was damaged and appellee was pinned in the vehicle. After appellee was freed, he was transported to the hospital.

Appellee admitted that he was speeding and had consumed six beers, but said the alcohol did not affect him.

–4–

Dr. Lauren White, an emergency room physician, testified about entries in appellee's emergency room medical records. Specifically, she described an entry stating that appellant was involved in a motor vehicle collision at an estimated speed of 50 to 55 miles an hour. Another physician wrote that appellee would be "given time to sober up." And the blood test the hospital performed showed a blood alcohol content over twice the legal limit.

Significantly, appellant does not contest the court's finding that he was contributorily negligent. And the evidence is legally sufficient to support this finding. Thus, the issue turns on whether the trial court correctly apportioned responsibility.

On this record, there is more than a scintilla of evidence to support the trial court's apportionment finding. In so holding, we note that the trial court could have assigned weight to the police report in which the investigating officer concluded that appellant was presumed to be at fault for violating the transportation code by failing to yield the right of way at a stop sign.

Furthermore, we are aware of no authority holding that appellee's alcohol consumption and speeding conclusively establish that he was "at least fifty per cent" responsible for the accident. Indeed, there was no evidence that appellee's alcohol consumption or excessive speed caused or contributed to the accident at all. The court may also have decided that appellant's testimony that he looked both ways before entering the intersection and didn't see appellee (who was indisputably present) despite the apparent absence of any obstruction demonstrated that appellant was more at fault than appellee.

For the same reasons, the evidence is factually sufficient. Additionally, the fact-finder is given wide latitude in allocating responsibility. *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 659 (Tex. App.—Dallas 2002, pet. denied). Even if the evidence could support a different percentage allocation of responsibility, we will not substitute our judgment for the fact-

finder's. *See Rosell*, 89 S.W.3d at 659; *Samco Props., Inc. v. Cheatham*, 977 S.W.2d 469, 478 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).

Because the evidence supporting the trial court's contributory negligence finding is unchallenged (and nonetheless legally and factually sufficient), we hold that the evidence supporting the judge's assignment of 80% responsibility to appellant is also sufficient. *See Rosell*, 89 S.W.3d at 660. Under these circumstances, we cannot conclude that the trial court's findings are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242. We thus resolve appellant's first issue against him.

**B.     Second and Third Issues:  Is the evidence sufficient to support the lost earning capacity and future pain and mental anguish awards?**

Appellant's second and third issues argue that the evidence is insufficient to support the trial court's lost earning capacity and future pain and mental anguish awards. Specifically, appellant argues that (i) appellee failed to present any direct evidence of lost earning capacity and (ii) the only evidence of future pain and mental anguish is appellee's testimony that he would not be the same person in the future.

Appellant's assertion that there was no *testimony* about appellant's wages or how much work he missed is correct. But the parties' stipulated to $42,000 in medical bills and $7,000 in lost wages. And appellant's exhibits include medical expense affidavits identifying $37,885.90 and $1,739.00 in unpaid medical expenses. The trial court awarded $41,547.49 for medical expenses and $6,000 for lost wages. Based on the parties stipulations and the medical expense affidavits, there is legally and factually sufficient evidence to support these awards. *See M.J.R.'s Fare of Dallas, Inc. v. Permit and License Appeal B*d., 823 S.W.2d 327, 330 (Tex. App.—Dallas 1991, writ denied) (stipulations are binding on the parties, the trial court, and the reviewing court).

Regarding physical pain and mental anguish damages, it is well-established that such damages cannot be determined with mathematical precision but only through the exercise of sound judgment. *See Bentley v. Bunton*, 94 S.W.3d 561, 605 (Tex. 2002). Thus, a great deal of discretion is given to the fact finder in awarding an amount of damages it deems appropriate for pain and suffering. *HCRA of Texas, Inc. v. Johnston*, 178 S.W.3d 861, 871 (Tex. App.—Fort Worth 2005, no pet.). Evidence of past pain and mental anguish may be proven through a plaintiff's testimony or other evidence, including circumstantial evidence. *Telesis/Parkwood Retirement I, Ltd. v. Anderson*, 462 S.W.3d 212, 239 (Tex. App.—El Paso 2015, no pet.). To recover for future damages, appellee had to present evidence that, in reasonable probability, he would suffer compensable physical pain and mental anguish in the future. *See Adams v. YMCA of San Antonio*, 265 S.W.3d 915, 917 (Tex. 2008) (per curiam).

Here, the evidence shows that appellee suffered a broken arm and kneecap. For about a month and a half after the accident, his whole body hurt and he was unable to bathe, go to the restroom [unassisted], or go upstairs. Appellee said that his injuries still affect him. When the temperature changes, his injuries hurt. He is unable to play with his youngest child or grandchild, can't lift anything heavy, and can't lift anything "up high" because his arm hurts.

The trial court awarded $5,000 for future pain and mental anguish. We conclude that appellee's testimony was sufficient to establish that, in reasonable probability, he would suffer compensable pain and mental anguish in the future. *See id.*; *see also Dodge v. Watts*, 876 S.W.2d 542, 545 (Tex. App.—Amarillo 1994, no writ) (op. on reh'g) (upholding award when evidence showed plaintiff could no longer pick up her grandchildren or clean her house). We resolve appellant's second and third issues against him.

**C.**     **Cross-point:  Should appellate sanctions be imposed?**

Appellee argues that the appeal is frivolous because appellant misrepresents facts and makes spurious arguments and sanctions should therefore be imposed.  We decline appellee's request.

Rule 45 provides:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45.  "An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied).  We impose sanctions only under circumstances we find truly egregious. *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.).

Although we have rejected appellant's arguments, an issue's lack of merit does not necessarily equate to bad faith.  On this record, we do not conclude that the circumstances of this appeal were truly egregious.  We resolve appellee's cross-point against him.

### III.  CONCLUSION

Having resolved all of appellant's issues and appellee's cross-point against them, we affirm the trial court's judgment.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

180083F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS CEDACERO-GUAMANCELA,
Appellant

No. 05-18-00083-CV      V.

ALFONSO SUSTAITA-SALAZAR,
Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-08442.
Opinion delivered by Justice Whitehill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ALFONSO SUSTAITA-SALAZAR recover his costs of this appeal from appellant LUIS CEDACERO-GUAMANCELA.

Judgment entered January 23, 2019.